THE STATE, Respondent, *vs.* GRESSER, Appellant.

1. There can be no larceny without a felonious intent.

### *Appeal from St. Louis Criminal Court.*

Gresser was indicted for grand larceny, for stealing a cow, of the value of twenty dollars. The owner of the cow testified that he turned her out to graze upon the commons, and two or three days afterwards found her dead and partly cut up near the soap factory of one Kohler. Information derived from Kohler led him to go to the defendant and accuse him of stealing the cow. Defendant denied the theft, saying that he found the cow dead near Chouteau's pond, and helped to put her on a dray to be removed. Being further pressed upon the subject, he said he could not understand English. Kohler testified that the cow was brought upon a dray by two men, to the spot where she was found. After the two men with the dray had reached the spot, defendant came up and assisted them to take the carcass off the dray. Defendant asked witness if he did not want a dead cow, to which he replied that he did not. Defendant then went away. He did not come nor go away with the other two men. The drayman testified

that he was employed by a man to haul the cow from near Chouteau's pond, where she was lying dead, over on to the commons. He was not employed by the defendant. While they were putting the carcass on the dray, the defendant came along and assisted them. The cow had been dead so long as to smell very offensively. After they reached the spot where the cow was to be left, the defendant came up again and assisted in removing her from the dray. Defendant went away before witness and the other man. Witness went away and left the man who employed him with the carcass.

The defendant asked the court to direct the jury that they must acquit, if they believed that the defendant, without converting the cow to his own use, assisted in removing her from a neighborhood where she was becoming a nuisance ; also that they must acquit, if the cow was not removed by the defendant and others, with the felonious intent of converting her to their own use.

These instructions were refused, and the court, of its own motion, gave several instructions. The defendant was found guilty of petit larceny, and after an unsuccessful motion for a new trial, appealed to this court.

*Cline & Thompson,* for appellant.

*H. A. Clover,* for the State.

RYLAND, Judge. From the statement of the facts in evidence in this case, it will at once be seen, that the instructions prayed for, on the part of the defendant, should have been given. These instructions became proper and necessary, especially after those given by the court for the State.

In looking into the evidence, as preserved by the bill of exceptions, the mind of one accustomed to judicial proceedings, especially in criminal cases, becomes somewhat at a loss to account for the conviction of this defendant. We have not yet reached the era in the administration of criminal law, in which it becomes necsssary only to *accuse* in order to *convict.* Some proof of guilt is still required.

In this case, the Criminal Court should have granted a new trial at once, for there is scarcely a pretence for the conviction. The judgment is reversed, the other judges concurring.