THE STATE, Respondent, v. McCLURE, Appellant.

1. The Supreme Court will not interfere and grant a new trial on the ground that the verdict of a jury was against the weight of evidence.
2. Whenever instructions given to a jury as a whole fairly present the law of the case to the jury, the Supreme Court will not reverse for a defect or slight impropriety in any particular instruction.
3. There may be an assault with intent to kill, although there is no striking or wounding; it would be error to instruct the jury that if the defendant might have struck and did not they should find defendant not guilty.

*Appeal from Laclede Circuit Court.*

*Wright*, for appellant.

I. It is submitted whether such a " strong and unequivocal" case is not here presented as to require this court to direct a new trial, regardless of the errors of the court below in giving and refusing instructions, but on account of the entire failure to prove a felonious assault. The prosecutor was too much intoxicated to either observe or recollect what transpired at the time; and even he says that he does not know that defendant struck at him or intended to strike at him. (2 Phil. Ev. 763; 2 Day, 202.) Taking his evidence as a correct detail of the facts, it would amount to no more than an ordinary assault and battery. His evidence did not even tend to prove a felonious assault. The evidence of all the witnesses except the prosecutor showed there was not even a common assault. An assault is an offer to do a corporeal injury to another, with the present ability to do so. Defendant was about ten feet from the prosecutor when he raised the stick. He was not within striking distance, and readily laid down the stick when told to do so. It devolved on the State to prove an *intention* not only to do an injury, but an intention to kill. (3 Greenl. Ev. § 61, 17.)

II. The first instruction given on the part of the State is wrong. The natural consequence of even striking with a stick is not to kill. It was the peculiar province of the jury to determine the intent. The instruction was a comment and

an erroneous comment on the evidence, and evidently controlled the jury in finding their erroneous verdict. The law is that the court shall not comment on the evidence, or charge the jury as to matter of fact, unless requested. (R. C. 1195, sec. 31 ; State v. Dunn, 18 Mo. 419.)

III. The court erred in refusing the first instruction asked by defendant. If the defendant could have struck the prosecutor without hindrance, and did not do so, it conclusively rebutted any intention to kill.

*Ewing*, (attorney general,) for the State.

RYLAND, Judge, delivered the opinion of the court.

The defendant was indicted for an assault with intent to kill. He was convicted and fined. He moved for a new trial, which was overruled ; he then moved in arrest of judgment, which was also overruled. He excepted and brings the case here by appeal.

In this court the appellant has made three points, on each of which he relies for a reversal. The first is that there is no evidence warranting or authorizing the conviction; the second, that the first instruction given on the part of the State is wrong ; and the third, that the court erred in refusing the first instruction asked by the defendant. From an examination of the testimony preserved in the bill of exceptions, this court clearly perceives that there was testimony on the part of the State from which the jury might well convict. There was also testimony which would have justified the jury in acquitting. The jury was the proper tribunal to weigh the evidence ; they might give to the evidence on behalf of the State more credence than they did to the evidence of the defendant. The case was left to the jury and they found the defendant guilty, and there was evidence from which such a finding could be supported. The court will not interfere in such cases. This is not like the case of the State v. Gresson, 19 Mo. 247. In Gresson's case there was no evidence of the crime. Here the jury might have found either way. We will not for this reason reverse.

The second point. The instruction complained of is as follows : " If the jury believe from the evidence that the defendant attempted to strike Day with a stick, and at the time he made the attempt he was near enough to hit him, and that the stick was a dangerous or deadly weapon or calculated to produce death, and that there was no justifiable excuse for such attempt to strike with such a weapon, and [*sic*] under such circumstances, is evidence from which the jury may infer that such assault was made with intent to kill." Now whatever might be urged against this instruction standing alone, it ceases to have any improper effect when united with the instruction given for the defendant, as follows : " Unless the jury believe from the evidence that the defendant attempted to strike Reuben P. Day with a stick and with *the intent* to kill him, and that at the time the defendant made the attempt he was near enough to hit Day, and that the defendant could have killed Day with the stick, they must acquit the defendant." These instructions together put the law of the case fairly before the jury, and no injurious effect from the first one could have been left on the jury when the last was given. Whenever the instructions as a whole fairly present the law of the case to the jury, the court will not reverse for any defect or slight impropriety in any particular instruction.

There is no error in the court's refusing the defendant's first instruction. " If the jury believe from the evidence that defendant could have struck Day with the stick, and did not do it, they will find defendant not guilty." This instruction is not the law ; it was designed to tell the jury that whenever there was power and opportunity to commit a battery, and it was not committed, there could be no assault. A man may assault another with the intent to kill him, and not perpetrate the offence of striking or wounding him.

These are all the objections urged in this court by the appellant's counsel for a reversal of the judgment. The newly discovered evidence, and the motion in arrest, are not urged here, but may be considered as abandoned by the appellant.

he punishment is less than that allowed by law ; but the

defendant's counsel remarked that the punishment was declared under the revised code of 1855, at the request of the defendant, and therefore does not urge that matter as an error ; it is in his favor, and he does not complain of it.  It is necessary however to remark, that whenever the punishment for an offence committed under the law previous to the revised code of 1855 is different from that prescribed by the revised code of 1855 for the same offence, and a prosecution is commenced under the law previous to 1855, it is necessary that the prayer of the defendant for punishment under the law of 1855 should appear upon the record, as well as the order of the court changing the punishment.  Upon the whole case, we are inclined to affirm the judgment ; Judge Leonard concurring, the same is affirmed.