THOMAS HICKS, Appellant, v. ANSON RISING, Appellee. ·

APPEAL FROM LEE.

Where, in an action of slander for words used charging false swearing, the defendant, by his pleas, has based his defense on the fact that the plaintiff was guilty of perjury, he will be required to prove the fact of the perjury. He is bound to make out the defense which he has chosen, even though he was not obliged to impute perjury in order to justify the words spoken.

THE facts of this case and the pleadings, on which the decision is based, are sufficiently stated in the opinion.

LELAND & LELAND, for Appellant.

GLOVER, COOK & CAMPBELL, for Appellee.

WALKER, J. This was an action of slander, instituted in the Jo Daviess Circuit Court, and tried in Lee county. The declaration contained five counts, the first four of which alleged that Hicks had charged Rising with swearing falsely in a matter material to the issue in a certain legal proceeding previously had, thereby intending to accuse him of perjury. The fifth count avers that Hicks charged Rising with swearing falsely, without any allegation that he designed to accuse him of having committed perjury. To this declaration the defendant pleaded the general issue. Also, a second plea, justifying the speaking of the words, and alleging that there was an issue joined in a suit in the Jo Daviess Circuit Court, in which the president and trustees of the town of Warren were plaintiffs, and John D. Platt, defendant, in which it was material to ascertain the time at which the polls of an election for trustees were closed. That plaintiff was a witness on that trial, and swore that he was present at the election, and that the polls were closed at five o'clock in the afternoon; that upon the comparison of time pieces, they were found not to agree, and five minutes were allowed on account of the difference, and that the polls were then closed. When, in fact, the polls at that election were not closed at or after five o'clock, but were closed at five minutes after four o'clock in the afternoon. Whereby the plaintiff did falsely, wickedly, willfully and corruptly commit, willful and corrupt perjury, wherefore, the defendant did speak the words in the declaration mentioned, as he lawfully might. The third plea was substantially the same as the second. To these pleas, plaintiff filed replications that he did not commit perjury as alleged in the pleas; upon which, issues were joined, and a trial had before the court and jury. A verdict was found for the

plaintiff, for one thousand dollars damages. Defendant entered a motion for a new trial, which was overruled, and judgment rendered upon the verdict. From which, he prosecutes this appeal.

The appellant was not bound, in justifying the charge contained in the fifth count, to impute perjury to the appellee. But as false swearing does amount to perjury, when it is corrupt, willful, and to a matter material to an issue, in a legal proceeding, or in an authorized oath, the person making the charge of false swearing must know the sense in which he made the charge. As he has gone further than the import of the language, and by his plea says, he did use the language, and that the appellee did swear to facts which were not true, and that in doing so he committed perjury, he places on this language the constructions that he designed to, and did charge, that appellee had committed perjury. If this was not the sense in which he used the language, he should not have so justified the speaking of the words. It was his own choice to undertake to prove more than was required, had his pleas been drawn with that view, to justify the speaking of the words, and having made his choice, it is now too late to retract. By his pleas he could not maintain his defense, unless he proved that the appellee was guilty of perjury as alleged. The jury have found that he failed to establish that fact, and were warranted in so finding. The judgment of the court below must be affirmed.

*Judgment affirmed.*