ANDREW NELSON, PLAINTIFF IN ERROR, V. ANNA K.
JOHANSEN, DEFENDANT IN ERROR.

1. **Instructions to Jury.**  When upon a jury trial an instruc-
tion is asked by which it is sought to cover the whole case made
by the party asking it, all the essential elements of the case
should be embodied in the instruction, otherwise it is not error
to refuse it.

2. **Guardian and Ward:**  LIABILITY OF GUARDIAN FOR NEG-
LIGENCE IN CARE OF WARD.  Where an infant plaintiff of the
age of eleven years resided with the defendant, and where it was.
his duty to keep such infant properly clothed, if she left his.
house on a very cold day to return to her own house a mile and
a half distant, and defendant had, in violation of his duty and
through negligence, failed to provide sufficient clothing, and she
was by reason thereof badly frozen, the defendant would be-
liable for such damages as were chargeable to his want of care.

3. **Verdict Sustained.**  When the testimony is conflicting a ver-
dict will not be set aside as against the weight of evidence, un-
less such verdict is clearly and manifestly wrong.

ERROR to the district court for Douglas county.   Tried
below before WAKELEY, J.

*C. A. Baldwin,* for plaintiff in error.

*John C. Cowin,* for defendant in error.

REESE, J.

Plaintiff in error having failed to appear in this cause, and
having filed no brief, the cause was submitted by defend-
ant in error without brief or argument, according to the
provisions of rule four of this court, in force at the time the
same was filed.

While it could not be expected that, without the aid of
briefs and arguments of counsel calling the attention of the
court to the errors complained of, we can be able to give

the case that critical examination which it would otherwise receive, yet we devote to it sufficient attention to examine the questions presented by the record, and ascertain whether such errors appear of record as to require the reversal of the case.

The action in the district court was brought by defendant in error by her next friend, she being a minor. The petition alleges that in the year 1880, when she was of the age of ten years, her father, by agreement with defendant in error, sent her to the home of defendant in error to reside with and work for his family until the 5th day of December, 1880, and that at that time and upon that day—the weather being very cold—plaintiff in error sent her home across the prairie, a distance of about one mile and a half, so poorly and thinly clad, and so exposed to the inclement weather, that on her way she was badly frozen, so that she was for a long time sick, confined to her bed and suffered great pain, etc., and whereby she was greatly damaged, to-wit, in the sum of $5,000, for which she asked judgment.

The answer of plaintiff in error, after admitting the fact of defendant in error residing with him, and leaving him at the time alleged, denies all improper treatment of defendant in error on his part; alleges that she came to live with him for the term of three years, but, at the instigation and by command of her parents, left him on the day named without any knowledge on his part as to what clothing she wore, and while he was from home; that she was provided with suitable clothing, some of which she had left at her own home; and pleading such other facts as if established by proof would exonerate him from any charge of cruel or improper treatment of defendant in error. The trial resulted in a verdict and judgment in favor of defendant in error for the sum of two hundred and fifty dollars.

The errors assigned in the petition in error are, that the court erred in giving certain instructions referred to by numbers, and in refusing others which are designated in-

the same way.  Also that the verdict is contrary to law, and is contrary to and against the weight of the evidence in the case.  Other general assignments are made in the usual statutory form.

As to the first assignment of error, that the court erred in giving the instructions, six in number, referred to, it is sufficient to say that we have examined them, and do not detect any misstatements of the law or improper directions to the jury.

The instructions refused, and of which refusal complaint is made, are as follows :

" 3.   If the jury are satisfied from the evidence that at the time the plaintiff, Anna K. Johansen, left the home of the defendant to go home, on December 5th, the defendant was not at home, and did not know when he left his home that she was going to leave his place that day, and the defendant did not send her away, the plaintiff can not recover, and your verdict must be for the defendant."

" 4.   The parents of Anna being her natural guardians had the right to direct and control her actions; and if the jury shall find from the evidence that on the day preceding the day she left the defendant's her parents told her to come home, and she communicated that to the defendant, and that he thereupon told her that he would rather she would not go, but that he had no power to stop her going, that he did not want her to go, and that she afterwards did leave without defendant's knowledge, and by reason of doing so took cold, and was sick, the defendant would not be liable therefor."

" 5.   The jury are instructed that if the plaintiff, at the time referred to, left the defendant's by the direction of her parents and against the advice of the defendant, and that by reason of her so going she took cold, and was made sick, the defendant would not be liable for negligence in permitting her to go home under these circumstances under the issues made by the pleadings in this case."

The petition alleged, and the testimony on the part of plaintiff tended to show, that the suffering of plaintiff was caused by the want of proper clothing for the purpose of protecting her from the rigor of the weather; that it was cold and she was very thinly clad. Her age at that time was about eleven years. So far as the duty of plaintiff in error toward her was concerned he stood in the relation of her parent, and in view of her want of experience and knowledge it was his duty to see that she was properly clothed. If he failed in this, through negligence, he would be liable for the consequences. By an examination of the foregoing instructions it will be seen that they fail to embody this important element in this case. Even if she had gone home without his knowledge, and by the express command of her parents, yet it would not relieve him from his duty to exercise proper care over her, and to see that she was properly and as near as might be comfortably clad. For this reason we think the instructions were properly refused.

It is next alleged that the verdict was against the weight of evidence, and was not supported by sufficient evidence.

Upon this branch of the case it is sufficient to say that we have carefully read over and examined all the testimony introduced upon the trial, and find it conflicting and quite difficult to harmonize. In fact there was a sharp conflict between the testimony introduced on the part of defendant in error and that presented by plaintiff in error. If the jury believed the testimony of the witnesses produced by the defendant in error, there was sufficient to sustain the verdict. As to the weight of the testimony they were the judges, and the verdict would not be set aside unless clearly and manifestly wrong.

We are unable to discover any error in the record, and the judgment of the district court is therefore affirmed.

JUDGMENT AFFIRMED.

THE other judges concur.