PATRICK CHAPLIN, PLAINTIFF IN ERROR, v. FRANCIS LEE, DEFENDANT IN ERROR.

1. Embezzlement: SLANDER. In an action for slander, on a charge of larceny and embezzlement as treasurer of a school district, where the testimony is conflicting as to the funds in the hands of the treasurer, it is not error to refuse to give an instruction that if the treasurer has "refused to pay any draft, order, or warrant drawn upon him by the proper officer or officers, this would constitute embezzlement."

2. ———. To constitute embezzlement it is essential that the owner should be deprived of the property alleged to be embezzled by an adverse use or holding.

ERROR to the district court of Colfax county. Tried below before POST, J.

Phelps & Thomas, for plaintiff in error, cited: Sec. 124, Criminal Code.

J. A. Grimison, for defendant in error.

MAXWELL, J.

Lee was treasurer of school district No. 11, of Colfax county, and while exercising the duties of that office, Chaplin, in conversation with divers persons, stated in substance that he (Lee) had been guilty of the larceny and embezzlement of $65.00 of the funds of the district in his hands. The exact words with proper innuendoes are set out at length in the petition. Chaplin in his answer alleges, "that he has no recollection or belief of having so as set forth in said petition accused the said plaintiff, but if he did so accuse the said plaintiff the charge is true," etc. He then proceeds to set forth various acts of Lee, which he alleges justify the charge. On the trial of the cause the jury returned a verdict in favor of Lee for the sum of $125.00, upon which judgment was rendered. The principal error relied upon in this court is, that the court erred in refusing to give the following instruction:

"If you find that the plaintiff while acting as and being treasurer of said school district refused to pay any draft, order, or warrant drawn upon him by the proper officer or officers, this would constitute embezzlement, and your verdict should be for the defendant."

The testimony is conflicting as to whether or not there were funds in Lee's hands for the payment of all orders drawn upon him. He could only be required to pay orders when there were funds in his hands for that purpose, but the instruction asked ignored the question of the sufficiency of funds, and sought to make the mere refusal to pay an order or draft evidence of embezzlement. Such is not the law, and the instruction was properly refused.

In *Pollard v. Lyon*, 91 U. S., 225, Mr. Justice Clifford classified words which are actionable as follows: "1. Words falsely spoken of a person, which impute to the party the commission of some criminal offense, involving moral turpitude, for which the party, if the charge is true, may

be indicted and punished.  2. Words falsely spoken of a person, which impute that the party is infected with some contagious disease, where, if the charge is true, it would exclude the party · from society.  3. Defamatory words, falsely spoken of a. person, which impute to the party unfitness to perform the duties of an office or employment of profit, or the want of integrity in the discharge of the duties of such office or employment.  4. Defamatory words, falsely spoken of a party, which prejudice such party in his profession or trade.  5. Defamatory words, falsely spoken of a person, which, though not in themselves actionable, occasion the party special damage.  The 1st, 2d, 3d, and 4th of these classes are actionable *per se,* and the 5th when special damages are sustained."  The above classification is adopted by Judge Cooley in his work on Torts, page 196 *et seq.,* and may be regarded as correct.  The general rule is, that words charging another with a crime involving moral turpitude punishable by law are actionable *per se.  Ranger v. Goodrich,* 17 Wis., 80.  *Filber v. Dauterman,* 26 Wis., 518.  *Miller v. Parish,* 8 Pick., 384. *McCuen v. Ludlum,* 17 N. J., 12.  *Hong v. Hatch,* 23 Conn., 585.  To falsely charge a party with embezzlement or larceny is actionable *per se,* and injury will be presumed, and the defendant in justification must establish the truth of the charge.  *Seeley v. Blair,* Wright, 683. *Hicks v. Rising,* 24 Ill., 566.  *Ellis v. Buzzell,* 60 Me., 209.  *Merk v. Gilzhaeuser,* 50 Cal., 631.  Embezzlement is defined as the act of fraudulently appropriating to one's own use what is intrusted to the party's care and management.  Webster's Dict., 439.  It differs from larceny in this, that the latter is the felonious taking and carrying away of the personal goods of another with the intent to deprive the owner permanently of his property therein.  *Thompson v. The People,* 4 Neb., 528.  2 Broom & H. Com. (Am. Ed.), 513.  *State v. Gresser,* 19 Mo., 247.  *Phelps v. The People,* 55 Ill., 334.  4 Black's Com., 230, 235.  But em-

bezzlement is the wrongful appropriation·of what is already in the. wrong-doer's possession. To constitute the crime the owner must be deprived of the property by an adverse use or holding. At the most the refusal to pay a warrant or order would only be evidence tending to show embezzlement. The question was very fully considered in a late case by the supreme court of Massachusetts in *Com. v. Este,* 2 N. E. Rep., 769. -In some respects the charge in that case was similar to the slanderous words spoken in this. It is said: "Embezzlement retains so much of the character of larceny that it is essential to the commission of the crime that the owner should be deprived of the property embezzled by an adverse holding or use. No doubt questions may arise as to what is a sufficient deprivation or adverse holding, as is shown in *Com. v. Mason,* 105 Mass., 163, and cases cited. See also *Rex v. Hall,* Russ & R. Cr. Cas., 463, 464. *Rynice v. Richards,* 1 Cockb. & R., 532. But the principle remains. And when property is held at every moment as and for the master's property, fraud as to the source from which it comes, or fraudulent intent as to something else, is not a sufficient substitute for something else. To this extent we entirely agree with the English case of *Regnia v. Poole,* Dears & B. Cr. Cos., 345. *Regnia v. Holloway,* 2 Cockb. & R., 942, and 1 Dennison Cr. Cos., 370. *Rex v. Webb,* 1 Moody, 431." This, we think, is a correct statement of the law. The owner must be deprived of the use of the property claimed to be embezzled by an adverse holding or use. This element is entirely disregarded in the instruction asked. The law presumes every person to be free from crime, and this presumption continues as evidence in his favor until overcome by proof of guilt. The law also protects, as far as possible, the good name of every one, and places its seal of condemnation upon any person who by false and slanderous words seeks to injure another. The verdict in the case is fully supported by the

evidence, and there is no error in refusing the instruction asked.    The judgment is therefore affirmed.

JUDGMENT AFFIRMED.

THE other judges concur.