HENRY H. BOWIE, PLAINTIFF IN ERROR, v. C. C. SPAIDS, DEFENDANT IN ERROR.

[FILED MAY 31, 1889.]

1. Instructions. "If an instruction assume the possible existence of a state of facts which the jury have no right to find, there being no evidence, it is error." (*City of Crete v. Childs*, 11 Neb. 253.)

2. ———. Where, upon a jury trial, an instruction is given by which it is sought to include the whole of the case necessary to a verdict in favor of one of the parties to the action, all elements necessary to the conclusion should be embodied in the instruction; otherwise it should not be given.

ERROR to the district court for Buffalo county. Tried below before HAMER, J.

*Calkins & Pratt*, for plaintiff in error.

*J. E. Gillespie*, and *Marston & Nevius*, for defendant in error.

REESE, CH. J.

Defendant in error filed his petition in the district court of Buffalo county — to which this cause had been appealed from a justice of the peace — in which he claimed judgment against plaintiff in error for the sum of $28, due as a balance on account for fruit and ornamental trees alleged to have been sold to plaintiff in error in the year 1885.

Plaintiff in error, by his answer, admitted the signature to an exhibit attached to the petition, to be his genuine signature, but alleged that the same had been changed, after it was signed, by the erasure of the name of Spaulding & Co. as payees and the insertion of the name of defendant in error in its stead, which change had been made without his knowledge or consent. (This exhibit is nowhere to be found in the record; but we infer that it was the original order for the trees.) The delivery of the trees was denied, and it was alleged that the order therefor was given to Spaulding & Co., and not to defendant in error, and that defendant in error had no interest in them at the time, to plaintiff's knowledge, he at that time representing himself as the agent of Spaulding & Co.; that although the order had been made by him, the trees had not been delivered in good order, and he had refused to receive them; that thereupon it was agreed by plaintiff in error and Spaulding & Co., through their agent, Alden Ferris, that plaintiff in error should take the trees, plant them out, and pay for as

many as should be alive on the first day of August, 1886; and that they were received upon that condition and no other. All averments of the petition not admitted, were denied. A jury trial was had which resulted in a verdict and judgment for $27.00 in favor of defendant in error, and upon a new trial being denied, the cause is brought into this court for review by proceedings in error.

Upon the trial it was contended by defendant in error that in the sale of the trees he acted for himself alone, and not as the agent of Spaulding & Co., and that Ferris had no authority to change the contract made in taking the order for the trees sold, while upon the part of plaintiff in error it was contended that defendant took the order as the agent for Spaulding & Co., and in doing so acted solely for them; that he so represented the fact to be at the time of the sale; and that the contract was changed by them through their agent prior to the delivery of the trees. Instructions asked by plaintiff in error were refused, and the action of the court in so refusing is assigned for error; but as they refer to certain exhibits which are not found in the bill of exceptions, they cannot be examined. One of the instructions given, and to the giving of which plaintiff in error excepted, was as follows:

"The plaintiff's right to recover depends upon the contract which he made, and whether he authorized Alden Ferris to represent him under the contract made with Bowie. Mr. Spaids is entitled to recover the price of the trees unless he authorized Mr. Ferris to represent him and to modify the contract, in which case the price agreed upon was not due when suit was commenced in the lower court, and the plaintiff cannot now recover."

In permitting this instruction to go to the jury, we think the learned judge who presided at the trial lost sight of the real issues, and thus inadvertently misled the minds of the jurors as to what they were. There was no evidence upon the trial that Ferris claimed any authority from de-

fendant in error for any part taken by him in the transaction. The whole tenor of the defense as to that part of the case was that in taking the order, defendant in error claimed and represented that he was acting as the agent of Spaulding & Co., and that he had no interest in the trees sold, and that such was the fact; that Ferris was also Spaulding & Co.'s agent, and had authority from that firm, and not from defendant in error, to change the contract or make a new one in its stead. The question of Ferris's authority to act for defendant in error was not presented either by the pleadings or evidence, and it should not have been submitted to the jury. (*City of Crete v. Childs,* 11 Neb. 252.)

Again, the instruction informed the jury that defendant in error was " entitled to recover the price of the trees unless he authorized Ferris to represent him and to modify the contract," in which case he could not recover. While covering the whole case, and excluding all considerations except those named, the instruction omitted the essential element that if defendant in error was the agent of Spaulding & Co. in taking the order, or, if such agency existed, and Ferris was also the agent of that company with authority to act, a changed or new contract would supersede the one originally made, and defendant in error could not recover. In an instruction of this kind, all the elements necessary to the conclusion should be included. (*Nelson v. Johansen,* 18 Neb. 180.)

The judgment of the district court must be reversed, and the cause remanded for further proceedings according to law.

REVERSED AND REMANDED.

THE other Judges concur.