44   757
46   117
44   757
53   463

## LYNDON A. GEORGE v. STATE OF NEBRASKA.

### FILED APRIL 16, 1895.     No. 7540.

1. **Criminal Law**: REVIEW: SUFFICIENCY OF EVIDENCE: OPINION OF ATTORNEY GENERAL.     Ordinarily, a judgment of conviction in a criminal prosecution will be reversed whenever the attorney general, after an examination of the record, declines to submit a brief in behalf of the state on the ground that such judgment is not supported by the evidence.

2. **Rape**: SUFFICIENCY OF EVIDENCE.     Evidence examined, and *held* not to sustain a conviction on the charge of rape.

ERROR to the district court for Lancaster county.     Tried below before HALL, J.

*Stearns & Strode*, for plaintiff in error.

*A. S. Churchill, Attorney General*, for the state.

Post, J.

The plaintiff in error, Lyndon A. George, was, at the January, 1895, term of the district court for Lancaster county, convicted of the crime of rape, and which judgment is presented for review by the petition in error addressed to this court.

The prosecutrix, Amelia Barth, a young woman, twenty-seven years of age, and of average strength and intelligence, was, on the night in question, a visitor at the home of the accused in the village of College View, one of the suburbs of the city of Lincoln. On her departure the accused started to accompany her to the street car by which it was her purpose to return to the city. When about eighty rods from the street car line she discovered that the car which she was intending to take had started. The accused then offered to accompany her to the Fourteenth street line at a point near the penitentiary, nearly, if not quite, two miles distant, and most of the way across the open prairie. This offer the prosecutrix readily accepted, instead of waiting for the next car from College View to the city, and during this walk the alleged rape was committed. The sexual act is not denied by the accused, the only point of difference between the parties concerned relating to the degree of force, if any, which was used by him.

The attorney general, with a frankness highly to be commended, assures us that he is unable, after a diligent examination of the record, to discover any sufficient evidence upon which to sustain the conviction, and has accordingly declined to submit a brief in behalf of the state. A judgment of reversal would under the circumstances be fully warranted without a reference to the record, but cut of

abundance of caution we have read over all of the evidence in the bill of exceptions and are quite satisfied with the conclusion of the attorney general.     To set out the nauseous details as testified to by both the prosecutrix and the accused is entirely unnecessary.     It is sufficient to say that after being ravished as she claims the former requested the accused to take her back to his house, as she preferred to stay over night with his daughter to going into the city, and that she accepted from him the sum of seventy-five cents, apparently as the price of her virtue, which sum he by request carried for her until they reached the street car line, when it was returned to and retained by her.     There is evidence tending to sustain the allegations of the information, but when viewed in connection with the facts above narrated must be held insufficient upon which to base a judgment of conviction.     The judgment is accordingly reversed and the cause remanded for further proceedings in the district court.

REVERSED AND REMANDED.