McAleer v. State.

NORVAL, C. J., not sitting.

JOHN McALEER v. STATE OF NEBRASKA.

FILED OCTOBER 3, 1895.   No. 6655.

1. Criminal Law: INSTRUCTIONS. An instruction by which it is sought to cover the whole case, and upon which, if met by the evidence, the jury is instructed to find in a certain way, should include all the elements necessarily involved in the case and within the evidence.

2. Embezzlement: EVIDENCE. Section 121, Criminal Code, construed. *Held*, That the exception as to the persons within the act relating to apprentices and those within the age of eighteen does not apply to officers, agents, attorneys, clerks, or servants of incorporated companies.

3. ——: ——. The corporate character of the employer is therefore an essential element of the offense of embezzlement when employment by a corporation is charged in the information, at least unless it is both charged and proved that the defendant is not an apprentice and not within the age of eighteen years.

4. ——— : ———. To constitute embezzlement under section 121, Criminal Code, it is essential that the money or thing charged to have been embezzled should have come into the possession or care of the defendant by virtue of his employment.

5. ——— : ——·——. A secreting with intent to convert to one's own use does not prove the offense under an information charging an actual embezzlement. To constitute embezzlement the owner must be deprived of his property by an actual adverse use or holding.

ERROR to the district court for Butler county. Tried below before BATES, J.

*Steele Bros.*, for plaintiff in error.

*A. S. Churchill, Attorney General,* and *George A. Day, Deputy Attorney General,* for the state.

IRVINE, C.

The plaintiff in error was convicted under an information charging him with embezzlement, in that on the 7th day of June, 1892, in the county of Butler, "he then and there being, and being then and there the agent of and for a certain incorporated company, to-wit, the Omaha Elevator Company, and the said John McAleer, being then and there not a person within the age of eighteen years and not being an apprentice, certain money belonging to the Omaha Elevator Company, of the amount and value of $150, the property of the said Omaha Elevator Company aforesaid, did unlawfully, fraudulently, and feloniously embezzle and convert to his own use without the assent of the said Omaha Elevator Company aforesaid, his said employer, and without the assent of any owner or owners of said money, which said money had then and there come into the possession and care of him, said John McAleer, by virtue of his said employment," etc. The attorney general, being convinced that there is error in the record, has declined to file a brief, and under the rule stated in *George v. State,* 44 Neb., 757, we would be warranted in reversing

the judgment without an examination of the record, but we think the trial court should be informed of our views upon what we deem the most serious questions in the case. Before stating these we wish to say that we have not examined the numerous assignments of error relating to rulings upon the evidence.

The eighth instruction given by the court was as follows: "If the jury find from the evidence, beyond a reasonable doubt, that the defendant, on or about the 7th day of June, 1892, in the county of Butler, the state of Nebraska, was then the agent of the Omaha Elevator Company, and the said John McAleer then and there certain money belonging to the Omaha Elevator Company of the amount of $150, the property of the Omaha Elevator Company, did unlawfully, fraudulently, and feloniously embezzle and convert to his own use without the assent of the Omaha Elevator Company, then you should find the defendant guilty." An instruction by which it is sought to cover the whole case, and upon which, if met by the evidence, the jury is instructed to find in a certain way, should include all the elements necessarily involved in the case and within the evidence. (*Runge v. Brown*, 23 Neb., 817; *Gilbert v. Merriam & Robertson Saddlery Co.*, 26 Neb., 194; *Bowie v. Spaids*, 26 Neb., 635; *City of Plattsmouth v. Boeck*, 32 Neb., 297.) The instruction we have quoted purports to state all the elements necessary to a conviction. When we analyze the instruction, we find that it requires the jury to find that there was proved, first, substantially the time; second, the venue; third, that the defendant was the agent of the Omaha Elevator Company; fourth, that the money was the property of the Elevator Company; fifth, that he embezzled it and converted it to his own use; sixth, that it was done without assent of the owner. Embezzlement is a statutory offense. The information in this case was framed under section 121 of the Criminal Code, which is as follows: "If any clerk, agent, attorney-at-law, or serv-

ant of any private person or any copartnership, except apprentices and persons within the age of eighteen years, or if any officer, attorney-at-law, agent, clerk, or servant of any incorporated company or joint stock company shall embezzle or convert to his own use, or fraudulently take or make away with or secrete with intent to embezzle or fraudulently convert to his own use without the assent of his or her employer or employers, or the owner or owners thereof, any money, goods, rights in action, or other valuable security, or effects whatever, belonging to any other persons, body politic or corporate, which shall come into his or her possession or care by virtue of such employment," etc.   The plaintiff in error contends that this statute requires proof that the employer was an incorporated company, and that the defendant was over the age of eighteen, and not an apprentice.   We do not so read the statute. Its language is that "if any clerk, agent, attorney-at-law, or servant of any private person or any copartnership, except apprentices and persons within the age of eighteen years, or if any officer, attorney-at-law, agent, clerk, or servant of any incorporated company or joint stock company shall embezzle," etc.   That is, the law applies to all officers, attorneys, agents, clerks, or servants of incorporated companies, or joint stock companies, and it applies to clerks, agents, attorneys-at-law, or servants of private persons or copartnerships, provided they be not within the age of eighteen years, and not apprentices.   This information charges that the elevator company is an incorporated company, and that fact, if proved, would render it unnecessary to prove that the defendant was not within the age of eighteen, and not an apprentice.   On the other hand, the information charges that the defendant was not within the age of eighteen, and was not an apprentice; but this allegation might not relieve the state of the necessity of proving the character of the employer as averred.   Therefore, in order to establish the offense, in addition to the elements stated in

the instruction quoted, it was at least necessary to show that the elevator company was an incorporated company, otherwise under any information it would become necessary to show that the defendant was not within the age of eighteen, and was not an apprentice. In any view the instruction omits some essential element of the offense, and is, therefore, erroneous.

In the examination of this instruction we do not consider whether the evidence was sufficient to show the corporate capacity of the elevator company, or even whether it was shown without contradiction, because in a criminal case it is incumbent upon the state on a plea of not guilty to establish every essential element of the charge beyond a reasonable doubt, and the court cannot assume that any such element has been so proved unless admitted by the defendant or treated by him as proved. (*Heldt v. State*, 20 Neb., 492; *Hill v. State*, 42 Neb., 503.) The instruction also omits the element that the money must have come into the defendant's possession or care by virtue of his employment, as the statute requires. It is true that the instruction tells the jury that it must find that the defendant embezzled the money, and this defect might have been cured by a correct definition of embezzlement under our statute. But the only definition given was in the ninth instruction, as follows: "Embezzlement is the fraudulently removing and secreting of money or personal property with which the party has been entrusted for the purpose of applying it to his own use." In *Chaplin v. Lee*, 18 Neb., 440, embezzlement was defined as "the act of fraudulently appropriating to one's own use what is entrusted to the party's care and management;" but, as we have stated, embezzlement is an offense created by statute. It has no common law signification. We must look to our statute to ascertain what here constitutes embezzlement, and while the statute uses the word "embezzle," and thereby refers us to the ordinary acceptation of the term for its definition, it at the

same time expressly requires that the thing embezzled must have come into the possession or care of the servant by virtue of his employment.    It is not sufficient that he has been entrusted with it, but it must have been in his capacity as a servant—" by virtue of such employment."

It may be well in this connection to call attention to another feature of this ninth instruction.    By it the jury is told that it is embezzlement to fraudulently remove and secrete money or personal property with which the party has been entrusted for the purpose of applying it to his own use, while in *Chaplin v. Lee, supra,* it is held that it is essential to constitute the crime that the owner should be deprived of the property by adverse use or holding.    That is, the secreting of money with intention to convert it is not embezzlement; there must be an actual appropriation thereof.    Under an information charging an actual embezzlement, proof of secreting with intent to embezzle is insufficient.

REVERSED AND REMANDED.