RICHARD OTTOWAY, Guardian of PEARL I. LOOP, v. PETER MILROY, Appellant.

Instructions: STATEMENT OF ISSUES: PREJUDICE. Although an instruction that to recover plaintiff must prove some or all of the material allegations of the petition would be erroneous if standing alone, as authorizing the jury to determine what allegations were material to recovery; still, if the instructions as a whole fairly advise the jury of the material matter to be determined

by them, failure to specifically state the issues will not constitute reversible error.

**Same:** SPECIAL INTERROGATORIES. A party can not offer positive evidence in denial of a fact and then predicate error on the court's refusal to submit the question to the jury by special interrogatory; especially where the interrogatory if submitted and answered against his contention would not be determinative of the issues as they then stood.

**Parent and child:** AGREEMENT TO PROVIDE AND CARE FOR MINOR: BREACH: DAMAGES: INSTRUCTIONS. Parents are not liable to their children for negligence in failing to provide, care for and educate them: And a petition alleging that plaintiff's child went to live with defendant under an oral agreement that he was to clothe, care for 'and educate the ward as his own child, and that he failed to perform the contract, presents an action for breach of contract and not for failure to perform the duties of a parent; and instructions basing defendant's liability upon negligence in failing to discharge parental duties, rather than breach of contract, were erroneous.

**Same:** LIABILITY FOR MINOR'S SERVICES. One who takes a child into his family under an agreement to provide, care for and educate the minor in return for her services, is liable on his breach of the contract for the value of the services rendered by the minor, although he may not have expressly agreed to pay therefor; however, if he has partially performed the agreement to provide he is entitled to credit therefor against the full value of the services.

*Appeal from Delaware District Court.*—HON. FRANKLIN C. PLATT, Judge.

TUESDAY, NOVEMBER 23, 1909.

ACTION to recover damages for the abuse and ill treatment of the plaintiff's ward, and for the value of her services. Trial to a jury, and verdict and judgment for the plaintiff. The defendant appeals. *Reversed.*

*W. F. Fitzgerald* and *Jamison, Smyth & Hann,* for appellant.

*E. C. Perkins* and *Bronson, Carr & Sons,* for appellee.

SHERWIN, J.—The petition is in several counts. It alleges: That on or about the 1st day of April, 1900, Pearl I. Loop, then about eleven years old, went to live in the defendant's family under an oral contract between Fred A. Loop, her father, and the defendant. That by the terms of said contract the defendant was to clothe, care for, and educate said Pearl I. Loop until she became eighteen years of age. That the defendant failed and neglected to comply with the terms of the contract. That he required Pearl I. Loop to wear "old, cast-off, dirty, unsightly and insufficient clothing in cold weather, whereby she became chilled and frozen, and her health permanently injured." That when she attended school her clothing was such that she was the subject of ridicule. That on the farm she was compelled to wear the "boys' old clothing and boots, and was obliged to pick corn in cold weather without mittens." That she was compelled by the defendant to leave school after an attendance of about four months, and required to do the work of a man on the farm nearly all of the time she lived there, and until she left the defendant in July, 1906. The nature and extent of the work which she was compelled to do was such that she became deformed and her health permanently injured. The petition further alleges that during the time Pearl I. Loop lived in the defendant's family he gave her chloroform, whisky, and tobacco, and medicine which injured her health; that the defendant and his minor son, William Milroy, by various means, debauched and seduced her, and by the use of drugs caused her to give premature birth to a child; that by reason of the failure of the defendant to perform his said contract, her father has been obliged to employ nurses and board and clothe said Pearl I. Loop to his damage in a large sum. The defendant admitted in his answer that he took Pearl I. Loop into his family, and that she was kept,

educated, and maintained by him in his family continuously until about July, 1906. He alleged that her clothing and care and keeping during said time were reasonably worth very much more than all of her earnings. There was testimony tending to support all of the allegations of ill treatment and abuse, but it was the testimony of Pearl I. Loop practically unsupported by the testimony of any other witness. The jury returned a verdict for the plaintiff for $2,000.

The several specifications of abuse and neglect were pleaded in separate counts of the petition as complete and distinct causes of action, and specific damages were alleged

1. Instructions: statement of issues: prejudice.

in each count. The trial court stated the claims made in the several counts of the petition, and then told the jury that before the plaintiff could recover he "must prove some or all of the material allegations of the petition," and that if the material allegations of any of the counts of the petition "have been proved by a preponderance of the credible evidence, the plaintiff will be entitled to recover." The appellant assails the instruction because it did not tell the jury what allegations of the petition were material to a recovery, or what it was essential to prove to entitle plaintiff to a verdict. While the several claims made in the petition were stated to the jury in a condensed form, the jury was nowhere directly told what allegations of the petition, if proved, would entitle the plaintiff to a verdict. So far as the instruction under consideration is concerned, the jury was given power to determine what allegations were material, and must necessarily be proved to make a case for the plaintiff. Such an instruction standing alone would leave the jury without any guide as to what was and was not material, and authorize it to determine the case on its own notion of the legal materiality of the issues or claims presented by the petition, which should not be done. *Swanson v. Allen,* 108 Iowa, 419; *Welch v. Insurance Co.,* 117

Iowa, 398; *Canfield v. Railway Co.,* 142 Iowa, 658. But we have often held that where the instructions as a whole fairly advise the jury of the exact matters to be tried and determined, a failure to specifically state such issues will not constitute reversible error. *Canfield v. Railway Co., supra.* Here we think the instructions as a whole sufficiently did so advise the jury.

Pearl I. Loop testified that the minor son, William Milroy, had sexual intercourse with her, and that she became pregnant therefrom; that at the time of such intercourse and pregnancy she was about twelve years old, and William Milroy about fifteen; that she informed the defendant of their relations and of her condition, and that he insisted that they be married; that a license for their marriage was then procured by another son of the defendant, and a minister brought to the defendant's home, who performed a marriage ceremony in the presence of the defendant and his family, and that after such pretended marriage she and William Milroy occupied the same bed as husband and wife with the knowledge and consent of the defendant. The defendant and all the other members of his family denied the alleged intercourse between the two children, the pregnancy of Pearl I. Loop, and the pretended marriage. The defendant asked the court to submit to the jury several specific interrogatories on the subject of the marriage. The first one asked the jury whether there was a ceremony in which Pearl I. Loop agreed to take and accept the son of the defendant as her husband, and in which the said son agreed to take and accept said Pearl I. Loop as his wife. The foregoing was the substance and effect of all of the interrogatories except one, which required the jury to find specially whether an abortion had been committed on Pearl I. Loop. The court refused to submit the interrogatories, and also refused to instruct on the same questions at the request of the defendant. The appellant argues with much earnest-

2. SAME: special interrogatories.

ness that there was error in such rulings. He contends that if the ceremony was performed, as related by the girl, and was consummated by subsequent sexual intercourse, there was a marriage which was at most voidable only, and that such being the case, there was a condonation of the alleged seduction of Pearl I. Loop and the consequences alleged to have followed it, and that the plaintiff could not recover any damages based thereon. That there might have been a valid marriage between these immature children may, for the purposes of the present discussion, be conceded, and with such a marriage proven it is undoubtedly true that some at least of the causes of action alleged in the petition would have been eliminated, and the others would have failed because the plaintiff could not maintain them. But these questions need not be discussed at this time, for the reasons that there was no issue of the kind before the court, and because the defendant quite satisfactorily proved that no marriage contract was ever entered into by Pearl Loop and his son. The appellant can not be permitted to deny the existence of a marriage and at the same time predicate error on the court's refusal to submit the question to the jury. He is in no position to say that the jury should or might have found against his positive evidence on the subject, and unless it did so find he could derive no benefit from an answer to the interrogatories or from the requested instructions. Furthermore, even if the interrogatories had been submitted and answered against the appellant's contention, it would not have been determinative of the case as the issues then stood, because some of the alleged claims against the defendant arose from causes wholly independent of the sexual relations alleged to have existed between the girl and the boy, and prior thereto.

We are not quite sure that we understand the theory upon which the case was tried below. The petition charges

willful neglect and ill treatment and affirmative acts on the.

3. PARENT AND
CHILD: agree-
ment to pro-
vide and care
for minor:
breach: dam-
ages: instruc-
tions.

part of the defendant, which, if true, would render him liable for damages regardless of his contract. But the court defined negligence and ordinary care, and then instructed as follows:

(4) You are instructed that the defendant was not negligent in his care of the child, Pearl I. Loop, if he exercised such care in caring for, protecting, and educating her as reasonably prudent men generally would have exercised under such circumstances as are disclosed by the evidence in this case. All that was required of the defendant in caring for, protecting, and educating the child was ordinary care, and if he exercised such care he is not liable.

(5) You are instructed that the defendant having the care, custody, and control of the child, Pearl I. Loop, it became his duty to exercise reasonable care to so care and provide for her that her development under such care would tend to advance her health, strength, and education, as well as her good moral character and her womanly instincts.

(6) While Pearl Loop was under the care of the defendant, the relation that existed between them was similar to that which exists between parent and child, and the duties that each owed to the other were similar to those owed by a parent to his child, or a child to her parent. This relation gave to the defendant the right in the first instance to exercise reasonable discretion in determining the needs of the child, both in respect to matters of shelter, clothing, and food, as well as in regard to her education, and her development along lines of good conduct and morality. The defendant also had the right, in the first instance, to exercise a reasonable discretion in determining what duty the child owed to him and what service she should render him. But this right of the defendant to exercise a reasonable discretion in determining what duty he owed to the child and what duty she owed to him would not permit him to disregard the duty the law required of him, as is set out in the preceding instruction; nor would

·it give him the right to treat her cruelly, or inhumanly in any way; nor to require, or knowingly permit, her to do labor wholly unsuited to her age, sex, or strength; nor would such right permit him to unreasonably neglect the reasonable education of the child through the medium of the·schools, or home teaching, or the education that would tend to rightly develop her morals and character.

These instructions, and others embodying the same general thought, are assailed on the principal ground that they warranted a recovery for a tort from one standing in the relation of *loco parentis,* whereas parents are not liable to their children for negligence in failing to educate them, nor for a failure to exercise such care, or to furnish such necessaries of life as parents usually or ordinarily do. We think the appellant is mistaken in his view of the action. The action is based solely and wholly on an alleged oral contract to take and care for Pearl I. Loop as the defendant would care for one of his own children of the same age and capabilities. The relation of parent and child did not exist, so far as the question of the defendant's liability is concerned, because the action is based on an express contract. The agreement on the part of the defendant to treat the child as if she was his own child measured his duty to her and not his liability if he failed to perform his contract. Under the ·contract it was his duty to give her the care and the advantages that would ordinarily be given an own child by parents in similar circumstances, and if he failed to perform his contract he would be liable thereunder, and not because of the relation of *loco parentis.* *Gooden v. Rayl,* 85 Iowa, 592; *Strong v. Marcy,* 33 Kan. 109 (5 Pac. 366); Schouler Dom. Relations; *Nelson v. Johansen,* 18 Neb. 180 (24 N. W. 730, 53 Am. Rep. 806). The instructions set out do not clearly define the rights of the parties under the issues. It is difficult to· determine therefrom whether the court thought that the defendant's liability was based on the relation of parent and child or

on the contract pleaded. But however that may be, the instructions are apparently based on the thought that the negligence of the defendant was a controlling matter for the consideration of the jury. As we have already said, the defendant's liability is predicated on an express contract, and not upon his negligence.

The trial court instructed that if the defendant did not give Pearl Loop reasonable care, and required her, or permitted her, to perform unreasonable work, she would be entitled to recover the reasonable value for her services while she was under his care.

4. SAME: liability for minor's services.

The instruction is said to be erroneous because of the rule that a member of the family may not recover for services in the absence of an express or implied contract therefor. The appellant states the rule that applies in cases where one becomes the member of the family without any contract obligations. But here, as we have said, the duties and liabilities are governed by an express contract made for the benefit of Pearl I. Loop by her family. And where such a contract has been made, and is thereafter breached by the head of the family, he can not escape liability for such breach by the plea that there is no express contract therefor. In this case the defendant undertook to provide board, clothing, care, and a suitable education in return for the services that Pearl I. Loop might be able to render until she attained her majority. There was thus a full consideration for his undertaking, and if he saw fit to abandon it, or not to perform it according to its terms, he can not now say that he is not liable for the benefit he received in services because there was no express promise to pay therefor. He did promise to pay for such services in a certain way, and if he refuses to do so the law will compel him to pay in current funds. The instruction just discussed and number seventeen, stating the elements of damages, are erroneous for other reasons, and we may as well take the question up in this connection.

Among the elements entering into the damages which the court told the jury might be recovered were the value of Pearl Loop's services and the damage suffered on account of the defendant's failure to give her a reasonable education. It is undisputed that the defendant furnished clothing, board, and some education at least, and yet the court permitted a recovery for the value of her services, regardless of the clothing and education furnished during the six years that the girl was with him. Manifestly, she is not entitled to recover the full value of her services, and at the same time recover damages for failure to clothe and educate her. If she is paid full value for her time, no duty rests upon the defendant to clothe and educate her in addition thereto. If she is allowed the value of her services, such value must necessarily be fixed by the amount and character of the work done by her, and the recovery therefor should be so guarded by instructions that any damages for alleged overwork shall not be incorporated therein. Under the instructions given, the defendant was liable for the gross value of the services rendered which can in no event be recovered.

Other instructions are criticised, but we need not discuss the propositions presented because the matters complained of are involved to some extent in the propositions already discussed and will be obviated on a retrial of the case.

For the errors pointed out the judgment must be *reversed*.