ELIZABETH SCOTT, Appellant, v. ALICE C. WILSON, Appellee.

CONTRACTS: Services Not Payable in Money—Wrongful Discharge. One who contracts to render personal service to another during the life of such other, and to receive for such services a home for life, may, on breach of the contract, recover, in money, the reasonable value of the services rendered.

**LIMITATION OF ACTIONS:** . Continuous Services. Claims for continuous services under a continuous contract accrue on the date of the last item of services.

*Appeal from Polk District Court.*—THOMAS GUTHRIE, Judge.

FEBRUARY 17, 1919.

ACTION at law for damages for the breach of an oral contract for services. The defendant's demurrer to the petition was sustained, and judgment was rendered against plaintiff for costs. The plaintiff appeals.—*Reversed.*

*C. C. Putnam,* for appellant.

*J. L. Witmer,* and *Dale & Harvison,* for appellee.

PRESTON, J.—The petition alleges substantially that, about August, 1894, the parties entered into an oral agreement, by which plaintiff agreed to come to the home of defendant, remain with her during her lifetime, and keep her house, and perform the services of a domestic servant; that defendant was a school teacher, and plaintiff was a colored girl, a seamstress, and proficient in housework, sewing, and domestic affairs, and it was agreed that the plaintiff should, by economy, and by faithfulness in managing the household expenditures for food, household expenses, and sewing, aid the defendant in accumulating more property, and that defendant would give plaintiff a home for life, and, in the event of defendant's death, she would see that plaintiff was well cared for for the remainder of her days, by always having a good home to live in; that, pursuant to the agreement, plaintiff entered defendant's home, and continuously performed all of her duties for a period of 23 years, doing defendant's housework, cooking, and domestic work, making most of her clothes, and

1. CONTRACTS: services not payable in money: wrongful discharge.

thus aiding defendant in accumulating a farm in Cass County, Iowa, and two city properties in Des Moines; that, during this 23 years, plaintiff received no wages from defendant, and no money, except small gifts of money as birthday and Christmas presents, not to exceed $100; that, under this agreement, plaintiff put in the best years of her life, in the most faithful performance of her duties, and, about April, 1917, when plaintiff had reached the age of 54 years, the defendant, after having endeavored for many months to induce plaintiff to leave voluntarily, cancelled the agreement, by ordering the plaintiff out of their home, and threatened to put plaintiff out, if she would not get out; that, thereupon, plaintiff left, and is now compelled, with practically no funds, to seek employment elsewhere; that the reasonable value of the services rendered by plaintiff during these years, in addition to board and lodging, was $4.00 per week. Plaintiff asks judgment for $4,720, with interest. The demurrer was on the ground that the facts stated do not entitle the plaintiff to the relief demanded, nor to any relief, in this:

"Plaintiff alleges an express contract, providing for support of plaintiff during her lifetime; alleges performance thereof for a period of 23 years, at which time it is claimed defendant refused further performance. Plaintiff now sues for wages for the 23 years, during which time said contract was carried out according to its terms:

"(1) Plaintiff, under the contract pleaded in her petition, must sue for damages for the alleged breach thereof, to wit, failure to carry out the contract for the unexpired term thereof, and is not entitled to sue for wages during the 23 years she admits said contract of support was strictly performed.

"(2) The breach of the contract pleaded, if any, is failure to support plaintiff from April 26, 1917, to the end of

her lifetime, and not failure to pay wages for the 23 years that said contract was strictly performed.

"(3) If a contract was entered into, as alleged by plaintiff, for life support, 23 years of which support has been provided, it is not the province of plaintiff to ignore the terms of said contract, and make a new contract, under which she can claim wages for the years said support has been furnished.

"(4) Said petition fails to state that said alleged discharge of plaintiff was without cause.

"(5) Said petition is based upon a verbal contract 'not to be performed within one year from the making thereof.' No recovery of wages thereunder can be had, for that said contract is not in writing, signed by the defendant.

"(6) All claims of wages accrued more than five years prior to the beginning of this suit are barred by the statute of limitations.

"(7) This action is prematurely brought, founded upon breach of the contract alleged in the substituted petition, in that the furnishing of a good home for plaintiff was not to be done until the death of the defendant, and that event has not yet occurred.

"(8) A claim for a good home is too indefinite to constitute a valid, enforceable contract, and leaves the court or jury to fix what the terms of the contract should have been, while such terms can only be fixed by the parties themselves."

The demurrer was sustained. Counsel for neither party has argued all the questions raised by the demurrer. We shall consider such as are argued. It is said by counsel for appellee that, unfortunately, upon a ruling on a demurrer, facts well pleaded must be taken as true, however improbable and unreasonable the alleged facts may appear; but counsel then proceeds to argue the unreasonableness and improbability of the plaintiff's claim. Ordinarily, this

would be a question for a jury. At any rate, we must, for the purposes of the demurrer and this appeal, consider all facts which are well pleaded, as admitted. Two arguments have been filed on behalf of appellee. In the first, the following propositions only are advanced: (1) That the fundamental principle of damages is compensation to the injured party. The measure of damages is the value of the bargain to the complaining party, or the loss which a fulfillment of the contract would have prevented, or which the breach of it has entailed (citing 8 Am. & Eng. Encyc. of Law [2d Ed.] 633). (2) Plaintiff cannot recover on a petition showing an implied promise to pay for services, when it appears that they were rendered under an express agreement, and a breach thereof which would entitle plaintiff to recover on a *quantum meruit* (citing *In re Estate of Oldfield,* 158 Iowa 98; *Duncan v. Gray,* 108 Iowa 599; and other cases). (3) Unless plaintiff's discharge was without cause, she would not be entitled to recover. No authorities cited. (4) Where a demurrer is based on a number of grounds, and is sustained generally, without specifying on which ground, reversal will not be had if the demurrer is good as to any one of the points raised (citing authorities).

Disposing of these matters first, the first proposition will be disposed of later, in connection with appellant's proposition, and authorities cited by her counsel. As to the second, we do not understand plaintiff to ask a recovery on a *quantum meruit.* It often happens that there is an express contract as to the employment, but no agreement as to the amount of compensation, in which case the law implies a promise to pay reasonable compensation. *In re Estate of Oldfield,* 158 Iowa 98. This, of course, is not quite the situation here. Appellant's proposition, stated now, as briefly as may be, is that defendant promised to pay plaintiff for the plaintiff's services in a certain way, and that, because of the defendant's breach of the contract and

refusal to carry it out, the law will compel her to pay in current funds. This matter will be referred to more fully later on. As to the third point, we think the allegations of the petition are sufficient, in the absence of a motion, to show that plaintiff was without fault, and that defendant refused to further perform her contract. As to the fourth point, appellant does not dispute the proposition; but, as said, not all points raised by the demurrer have been argued. Appellee's second argument is taken up, for the most part, in answering appellant's argument, and, in addition thereto, argues that, where an executory contract has been fully performed in part by both parties, leaving the remainder wholly executory, a breach of such remainder by one party does not entitle the other to recover damages for that part of the contract already performed, and that plaintiff has been paid in full for the 23 years' services, and she may not recover a second time for the value of the services already performed by plaintiff and paid for by defendant. These last propositions will necessarily be determined by the discussion of appellant's propositions, and authorities which will be cited.

1. Appellant cites and relies on the case of *Ottoway v. Milroy*, 144 Iowa 631. In that case, some of the arguments now urged by this appellee were determined against appellee's contention. It is thought by appellee that the *Ottoway* case has little, if any, bearing on the instant case; but we are of opinion that it is quite analogous, and in point. It is true that the provisions of the contract in that case and the one at bar are not precisely the same: for instance, in the *Ottoway* case, one item that the employer was to furnish was clothing, which is not included in the contract set out herein. In the *Ottoway* case, the contract was made on behalf of a minor, and was to continue until the minor became of age. The contract was carried out by both parties for several years, when the other party abandoned

or refused to carry out the contract. This was about a
year before the minor would obtain her majority. In that
case, as in this, the employee, if such she may be called,
was not a relative of the other party. In the instant case,
as in the *Ottoway* case, an express contract is alleged. In
the case cited, defendant undertook to provide board, cloth-
ing, care, and a suitable education, in return for the serv-
ices that the minor might be able to render, until she at-
tained her majority, and it was held that:

"There was a full consideration for his undertaking,
and if he saw fit to abandon it, or not to perform it, ac-
cording to its terms, he cannot now say that he is not liable
for the benefit he received in services, because there was no
express promise to pay therefor. He did promise to pay for
such services in a certain way; and if he refuses to do so,
the law will compel him to pay in current funds."

It was also held in that case, in effect, that, upon the
breach of the contract, the defendant was liable for the serv-
ices rendered by the minor child, although he may not have
expressly agreed to pay therefor; but that, if he partially
performed the agreement, he would be entitled to credit
therefor, against the full value of the services. In the in-
stant case, the contract was, according to the allegations of
the petition, that plaintiff should enter defendant's home,
and do certain things; and that defendant would give the
plaintiff a home for her life, and do certain things after de-
fendant's death. This was carried out by both parties for 23
years. Appellee contends that to compel payment by de-
fendant upon her breach of the contract would be to re-
quire a payment again for plaintiff's services, which de-
fendant had already once paid. This assumes that defend-
ant has fully performed her contract, or, as they put it in
argument, fully performed in part. It may be true that de-
fendant performed her part of the contract for 23 years, but
the breach of the contract by the defendant deprived plain-

tiff of the benefits of her contract, in having a home, etc., in the future. The parties were not related; plaintiff was a young woman; and we will not presume that she was to do all this work for defendant simply for her board or a home, unless the contract should be carried out for its full term. Under the contract, plaintiff was expecting additional remuneration at a later time for her services, and on the death of defendant. It is suggested by appellee that the latter part of the contract alleged, as to what defendant was to do at her death, is too indefinite to constitute a valid, enforcible contract. That is not material at this time, because plaintiff is not now seeking to enforce that part of the contract. It should have been said before that counsel for appellee seek to make a further distinction between the instant case and the *Ottoway* case, for that, in the *Ottoway* case, it is claimed that defendant had in no manner complied with the terms of his contract, and that the defendant had received the services of the minor, and had given nothing in return therefor. We do not so read that case. It is stated in the opinion:

"It is undisputed that the defendant furnished clothing, board, and some education, at least," etc.

2. The demurrer raises the question as to the statute of limitations. The petition alleges that the contract was continuous, and that the services were continuous. This being so, the statute does not run. *In re Estate of Oldfield*, 175 Iowa 118; *Sullenbarger v. Ahrens*, 168 Iowa 288.

2. LIMITATION OF ACTIONS: continuous services.

3. As to the statute of frauds, appellant contends that the contract does not show, either by express terms or by necessary implication, that its performance within the year is prohibited or impossible, and that it is, hence, not within the statute of frauds (citing *Blair Town L. & L. Co. v. Walker*, 39 Iowa 406; *Riddle v. Backus*, 38 Iowa 81; *McConahey v. Griffey*, 82 Iowa 564.

Plaintiff is not seeking to recover for anything in the future, but only for the part of the contract that has been partly performed. Whether this takes the case out of the statute, or whether the statute applies at all, we do not determine, for the reason that the proposition is not argued, and apparently not relied upon by appellee.

All questions argued have been considered, and it is our conclusion that the trial court was in error in sustaining the demurrer to the petition. It follows that the cause is reversed and remanded for further proceedings in harmony with the opinion.—*Reversed and remanded.*

LADD, C. J., GAYNOR and STEVENS, JJ., concur.