STATE OF MINNESOTA *vs.* CHAUNCEY BUTLER.

### June 24, 1879.

**Indictment for Embezzlement.**—The indictment certified up in this case examined, and *held* sufficient, under Laws 1876, *c.* 55, (Gen. St. 1878, *c.* 95, § 33,) as in effect charging that the defendant had committed the crime of larceny, by embezzling, and fraudulently converting to his own use, the sum of sixty-eight dollars and fifty cents, in money which he had collected of one F. Brandt, for the partnership firm of J. S. Rowell, Sons & Co., in payment of a promissory note, executed by said Brandt, which was the property of said firm, by which it had been placed in the defendant's hands, to be by him collected—the moneys collected thereon to be by him paid over to said firm.

**Same—Properly charges Larceny.**—*State* v. *New*, 22 Minn. 76, followed as to the point that an indictment for such embezzlement and fraudulent conversion, properly accuses the person indicted of the crime of larceny.

**Same—Descriptions held sufficient.**—*Held*, that the indictment is sufficient, as respects the name of the maker of the note, and the name of the firm to which it belonged, and by which it was placed in the defendant's hands for collection.

The defendant's demurrer to the indictment was overruled by the district court for Meeker county, *Brown, J.,* presiding, who, at defendant's request, certified the case to this court.

*Geo. P. Wilson,* Attorney General, for the State.

*Campbell & Spooner* and *Davis, O'Brien & Wilson,* for defendant.

BERRY, J. This cause is certified to this court by the judge of the twelfth district, for our opinion upon the sufficiency of an indictment. So much of the indictment as is important in considering the points made by defendant, is as follows: "Chauncey Butler is accused, by the grand jury, * * * of the crime of larceny, committed as follows: That the said Chauncey Butler did wrongfully * * * and feloniously embezzle, and fraudulently convert to his own use, the moneys of J. S. Rowell, Theodore Rowell, S. W. Rowell, and Ira Rowell, copartners as J. S. Rowell, Sons & Company, which said moneys were then in the sum and of the value of

sixty-eight dollars and fifty cents, and were then and there the moneys and personal property of the said J. S. Rowell, Theodore Rowell, S. W. Rowell and Ira Rowell, copartners as J. S. Rowell, Sons & Company, but a more particular description of which said moneys, or of the kind, character, number or denomination of the same, or any of the same, is to the grand jury unknown; that the moneys so as aforesaid by the said Chauncey Butler * * * embezzled and fraudulently converted * * * were then and there received and collected by the said Chauncey Butler from one F. Brandt, in payment of a certain promissory note, in writing, for the payment of money, made and executed by the said F. Brandt, then and there the personal property of, and belonging to, the said J. S. Rowell, Theodore Rowell, S. W. Rowell and Ira Rowell, copartners as J. S. Rowell, Sons & Company, which said note had, theretofore, by the said J. S. Rowell, Theodore Rowell, S. W. Rowell and Ira Rowell, copartners as J. S. Rowell, Sons & Company, been entrusted to and placed and came for collection into the hands of the said Chauncey Butler, and upon collection thereof, the moneys collected thereon to be by him, the said Chauncey Butler, remitted and paid to the said J. S. Rowell, Theodore Rowell, S. W. Rowell and Ira Rowell, copartners as J. S. Rowell, Sons & Company; and the said Chauncey Butler being then a person over the age of sixteen years, and not an apprentice; and such embezzlement and conversion of said moneys being done and committed by him, the said Chauncey Butler, without the consent and against the will of the said J. S. Rowell, Theodore Rowell, S. W. Rowell and Ira Rowell, copartners as J. S. Rowell, Sons & Company. And so the grand jury do say that * * * the moneys of the said J. S. Rowell, Theodore Rowell, S. W. Rowell and Ira Rowell, copartners as J. S. Rowell, Sons & Company, of value, to wit, of the value of sixty-eight dollars and fifty cents, then and there the moneys and personal property of the said J. S. Rowell, Theodore Rowell, S. W. Rowell and Ira Rowell, copartners as J. S.

Rowell, Sons & Company, the said Chauncey Butler did wrongfully, unlawfully and feloniously take, steal and carry away, contrary to the form of the statute in such case made and provided," etc.

Defendant's first objection to the indictment is that "it is uncertain as regards the particular circumstances of the offence charged," and that "it is impossible to gather from the indictment any distinctive charge." While the indictment cannot be said to be very neatly framed, we think it is sufficient. It, in effect, charges that the defendant had committed the crime of larceny, by embezzling and fraudulently converting to his own use the sum of sixty-eight dollars and fifty cents, in money, which he had collected of one F. Brandt, for the partnership firm of J. S. Rowell, Sons & Company, in payment of a promissory note executed by said Brandt, which was the property of said firm, by which it had been placed in the defendant's hands to be by him collected; the moneys collected thereon to be by him paid over to said firm. The embezzlement and fraudulent conversion are also charged to have been without the consent of the firm. It seems to us that this is a certain and distinct charge of an offence described in Laws 1876, c. 55, (Gen. St. 1878, c. 95, § 32,) which, among other things, provides that if a person who receives or collects money, for the use of and belonging to another, embezzles or fraudulently converts said money to his own use, without the consent of the owner of said money, he shall be deemed to have committed larceny. An indictment for such embezzlement and fraudulent conversion properly accuses the person indicted of the crime of larceny. *State* v. *New*, 22 Minn. 76.

The other objection to the indictment is that the maker of the note and some of the members of the firm, as well as the firm itself, are designated by the initials only of their christian names. As respects the name of the maker of the note, there is nothing to show, and no presumption, that the note is signed otherwise than with the initial of his christian name, just as is alleged in the indictment. Certainly it must

be sufficient to describe the signature of the note according to the fact, and also sufficient to allege that it was collected of the person bearing the name by which the note is signed. With regard to the name of the firm, there is nothing to show, and no presumption, that the name, "J. S. Rowell, Sons & Company," is not the firm name, and the whole of it. The note was the property of the firm, and the important thing, therefore, was, that the firm should be correctly designated by its firm name. What the law requires is that the particular offence charged shall be described with sufficient certainty to identify it. Both with regard to the maker of the note, and the name of the firm, there can be no doubt that the offence charged in this case is, upon the face of the indictment, sufficiently identified, not only to inform the defendant of what he is accused, but to describe and distinguish it from other offences. See also Gen. St. *c.* 108, § 8, and *State* v. *Boylson*, 3 Minn. 325 (438.)

We think the defendant's objections to the indictment are untenable, and that the indictment is sufficient.