THE STATE OF NEBRASKA, EX REL. WILBUR F. BRYANT, V. JAMES KNOX.

**Embezzlement:** COMPLAINT set out in the opinion, *Held,* To be sufficient to charge the crime of embezzlement.

ORIGINAL application for mandamus.

*Wilbur F. Bryant, pro se.*

*Thomas M. Franse,* for respondent.

MAXWELL, J.

The only question presented in this case is, whether or not a certain complaint, made before the defendant and filed with him, charges one ......... with a crime. The complaint is as follows, omitting the defendant's name :

" STATE OF NEBRASKA, ⎱
  " DAKOTA COUNTY.  ⎰

   " Before me, James Knox, a justice of the peace in and

for Pigeon Creek precinct, said county, personally appeared Wilbur F. Bryant, who, being by me first duly sworn, says that ......... ........., late of the county aforesaid, on the twenty-fifth day of April in the year of our Lord one thousand eight hundred and eighty-four, in the county of Dakota, and state of Nebraska aforesaid, being an officer, to-wit, being the school district treasurer for school district numbered twenty-six, in the said county of Dakota and state of Nebraska, and being charged as such officer with the collection, receipt, and safe keeping, transfer and disbursement of the public moneys belonging to said school district, certain of said money, to-wit, thirty-five dollars of the public moneys belonging to the said school district numbered twenty-six, did unlawfully, fraudulently, and feloniously embezzle and convert to his own use, which said moneys had then and there come into the possession and custody of the said ........ ........ by virtue of said office and in the discharge of the duties thereof, and so the said ......... ......... is guilty in manner aforesaid of the crime of embezzlement of the said public moneys, so as aforesaid by him converted and used contrary to the form of the statute in such case made and provided, and against the peace and dignity of the state of Nebraska.

"WILBUR F. BYRANT.

"Subscribed in my presence and sworn to before me this 12th day of May, 1885.

"JAMES KNOX,
"*Justice of the Peace.*"

The complaint contains the name of the person accused, which has been omitted, as it would be unfair to place his name in the reports connected with the commission of a crime until the fact of his guilt is established by proof.

It is claimed on behalf of the respondent that the complaint is insufficient. First, Because the ownership is not alleged to be in any person, body corporate, or association. It is alleged in substance that the accused was treasurer of

school district No. 26, of Dakota county, and that as such. officer, being charged with the collection, receipt, and safe keeping, transfer and disbursement of the public moneys belonging to said school district, certain of said moneys, to-wit, thirty-five dollars of the public moneys belonging to said school district, did unlawfully, fraudulently, and felo-niously embezzle and convert to his own use.

It is said a school district is not a corporation of whose existence a court will take judicial notice, and *State v. But-ler*, 26 Minn., 90, is cited to sustain the position.

Sec. 1, Chap. 79, Comp. Statutes, provides that, "The term school district, as used in this chapter, is declared to mean the territory under the jurisdiction of a single school board authorized by this chapter." * *

Sec. 2 provides that, "Every duly organized school dis-trict shall be a body corporate, and possess all the usual powers of a corporation for public purposes, by the name and style of school district number ... of ...... county."

It is unnecessary to set forth the steps taken to organize the district, but it may be styled by its name or number, and that will be sufficient, *prima facie,* to show its corporate capacity. There is nothing, therefore, in the first objection.

Second. That the particular kind of money embezzled must be alleged. This, however, is unnecessary, as the pre-sumption is it was lawful money such as had been received for and could be applied to the payment of debts of the district. The absence of this allegation, therefore, is not a fatal defect.

Third. That an allegation of value is indispensable. This would be necessary if property, or bank bills not a legal tender, had been embezzled; but where the allegation is the embezzling of thirty-five dollars in *money,* the amount designated expresses the value, the presumption being that it was lawful money.

We are of the opinion, therefore, that the complaint charges an offense. As, however, the justice appears to.

have acted in good faith, under a mistake as to his duty, in his refusal to act upon the complaint, the object of the action probably will be accomplished without issuing a writ to compel him to act. It will therefore be withheld until the cases from the 7th·district are taken up, at which time application may be made for further order if desired.

JUDGMENT ACCORDINGLY.

THE other judges concur.