# CASES DETERMINED

IN THE

# SUPREME COURT OF NEBRASKA

AT

## SEPTEMBER TERM, 1905.

---

### OSMOS C. HIGBEE V. STATE OF NEBRASKA.

FILED SEPTEMBER 20, 1905. No. 14,112.

1. **Embezzlement.** In a prosecution for embezzlement of a "right in action" under section 121 of the criminal code, it is not necessary to show that the defendant was at the time of the alleged embezzlement in the manual possession of the money or property which was the subject of the right in action. If the agent of a corporation so uses the rights in action of his employer as to prevent his employer from asserting those rights, and so deprives the employer of the property or money involved, and by so doing appropriates the property or money to his own use, without the assent of the employer, and with the fraudulent intent to so appropriate the same, he is guilty of embezzlement under the statute.

2. **Corporation: Evidence.** The allegation of the information that the party injured is a corporation is sufficiently sustained by proof that it is a *de facto* corporation. Proof of the regularity of the proceedings to incorporate is not necessary.

3. **Venue.** Under this clause of the statute, converting rights in action to one's own use is an essential element of the crime. The venue is properly laid in the county where the purpose is formed to convert the right in action, and the decisive steps taken to carry out that purpose, although the subject of the right in action is situated in another county.

4. **Evidence** that the party against whom the right in action existed was solvent, and actually paid the money involved as directed by the defendant in adjustment of the right in action, is sufficient *prima facie* evidence of value.

(331)

5. **Election.** When two counts of an information involve substantially the same facts, and call for the same evidence to support them, the court will not ordinarily require an election upon which count the prosecution will proceed.

6. **Instructions.** An instruction is not prejudically erroneous because it states some of the elements of the crime charged and omits others, when the other elements are correctly stated and defined in other instructions. Instructions must not contain conflicting statements, and when read and construed together must correctly state the law.

7. **Erroneous Instructions.** An instruction which recites some of the essential elements of the crime charged and omits others, and tells the jury that the things recited in the instruction would constitute the crime, is erroneous and prejudicial, even though there was another instruction which contradicts it and correctly states the other things necessary to be shown to constitute guilt.

8. ———. In a prosecution against an agent for embezzling the rights in action of his employer, an instruction in which the jury are told that if the defendant "received credit in his individual capacity" for a right in action of the employer he would be guilty of embezzlement is erroneous. Unless the act is done with a felonious intent, and results in depriving the employer of his money or property, it is not embezzlement.*

ERROR to the district court for Sarpy county: ABRAHAM L. SUTTON, JUDGE. *Reversed.*

*Nelson C. Pratt* and *E. S. Nickerson,* for plaintiff in error.

*Norris Brown, Attorney General,* and *William T. Thompson, contra.*

SEDGWICK, J.

The Farmers Co-operative Shipping Association was engaged in buying grain at Gretna, in Sarpy county, and in shipping and selling the same. The defendant Higbee was in charge of the business as agent of this company. The George A. Adams Grain Company, of Omaha, was indebted to the Farmers Co-operative Shipping Association for grain, which the defendant as the agent of that

company had shipped and sold to the Omaha company. The defendant, who is plaintiff in error here, was prosecuted upon a charge of embezzlement; the information containing two counts. Upon the first count he was found not guilty. The charge upon which he was convicted is the embezzlement of "a certain right in action, to wit, a certain indebtedness then due and owing by the George A. Adams Grain Company, of Omaha, Nebraska, to the said Farmers Co-operative Shipping Association, for grain shipped to said George A. Adams Grain Company by the said Farmers Co-operative Shipping Association, in the amount of twenty-eight hundred nine & 53-100 dollars ($2,809.53)."

1. The first contention made is that the indebtedness of the Omaha company to his employer was not within the meaning of the statute defining the crime of embezzlement and providing a penalty therefor. It is said in the brief: "The plaintiff is charged with embezzling a right in action, an indebtedness. Just how the plaintiff could obtain possession of an indebtedness we are at a loss to know." The language of the statute is: "If any officer, attorney at law, agent, clerk, or servant of any incorporated company or joint stock company shall embezzle or convert to his own use, or fraudulently take or make away with or secrete with intent to embezzle or fraudulently convert to his own use without the assent of his or her employer or employers, or the owner or owners thereof, any money, goods, rights in action or other valuable security, or effects. whatever, belonging to any other persons * * * every such person so offending shall be punished in the manner provided by law for feloniously stealing property of the value of the article so embezzled." Criminal code, sec. 121. The evidence in this case tends to show that the defendant as managing agent of the company was in the control of its business in buying and shipping grain, and in collecting the proceeds thereof for the company. In this capacity he sold grain to the Omaha company, and instead of receiving the money for the use

of his employer as his agency contemplated, he caused the proceeds to be applied by the Omaha company to the adjustment of his speculations upon the board of trade. His contention now seems to be that he never had possession of the money, nor of any tangible thing that could be made the subject of embezzlement. Of course, if he had collected the money for his employer, as it was his duty to do, and then had without the owner's assent used it for his own benefit with intent to defraud the owner, there could have been no doubt that such action would have constituted embezzlement. The result reached by him was the same, so far as his individual business was concerned, as it would have been if he had first collected the money and used it in adjusting these speculations. At the common law possession was a necessary element of the crime of larceny, as it is by statute of embezzlement. The distinction between the two crimes depends upon the nature of the possession and the manner of obtaining it, and it would seem that a mere credit was not the subject of larceny at common law. It is within the province of the legislature to define crimes and provide punishment therefor, and to determine what action or conduct shall be deemed criminal and subject to punishment. The contention upon this point then depends upon the construction and meaning of the statute. It was, of course, competent for the legislature to make the act of defrauding his employer, by using the credits of the employer for the personal benefit of the agent without the assent of the employer and with the intent to defraud the employer, criminal, and to provide for the punishment of such act as embezzlement.

What is meant by the words "rights in action" as used in this statute? They are not the exact equivalent of choses or things in action. The term "chose (or thing) in action" is used in contradiction to a chose or thing in possession. It is used when the title to the money or property (the thing) is in one person, and the possession is in another. The word "rights" used in this connection

is a broader term.   The legislature seems to have contemplated that an agent might use a mere claim or demand in such a way as to deprive the owner of the thing claimed, and to appropriate it to his (the agent's) own use.   To do this with intent to defraud, and without the assent of the owner, is made embezzlement by this statute.   Unless the owner is deprived of the thing (the money or property) involved in the transaction, there can, of course, be no embezzlement.   *McCormick v. Keith*, 8 Neb. 142; *Western White Bronze Co. v. Portrey*, 50 Neb. 801.   If his title to the property is not impaired, his right in action would still remain.   Upon the trial the prosecution introduced evidence tending to show that the speculations upon the board of trade, in which these funds were used, were the individual transactions of the defendant.   It was admitted that the transactions were carried upon the books of the Omaha company in the defendant's name.   The defendant testified that in these transactions he was acting for his employer, and supposed at the time that the accounts were so kept.   The jury must have found that he acted for himself in these speculations, and that his manipulation of the accounts of his employer was such as to cancel his employer's claim to the money as against the Omaha company, and so deprive his employer of the money owing by that company.   The evidence upon this point is not entirely satisfactory, and the point is not discussed in the briefs.   Because of these facts, and in view of the conclusion reached upon another feature of the case, we do not find it necessary to consider this matter further.   It is sufficient to say that we consider the contention of the defendant that it is necessary to show manual possession and conversion of the money claimed untenable.   If the agent of a corporation so uses the rights in action of his employer as to prevent his employer from asserting those rights, and so deprives the employer of the property or money involved, and by so doing appropriates the property or money involved to his own use, without the assent of the employer, and with the fraudulent intent to so ap-

propriate the same, he is guilty of embezzlement under the statute.

2. The next contention is that there is no competent proof of the corporate existence of the Farmers Co-operative Shipping Association. There seems to be no merit in this contention. Articles of incorporation of this company were received in evidence, and they appear to have been filed with the county clerk. It was shown that the association had directors, and had elected officers and performed the ordinary functions of a corporation. The defendant contracted with this board of directors, and carried on the business under their employment. This is ample proof of a *de facto* corporation, and is all that is required. *Braithwaite v. State,* 28 Neb. 832.

3. Under this clause of the statute converting "rights in action" to one's own use is an essential element of the crime. The defendant was in Sarpy county, the business of his employer was being there transacted by him, and if, by his actions there, he so converted the rights in action of his employer as to violate this statute, the prosecution for the offense was rightly brought in that county. The objection that the courts of Sarpy county had no jurisdiction of this case was rightly overruled.

4. The evidence shows that the Omaha company was solvent, and that the claim of the employer was actually applied to the adjustment of the deals upon the board of trade. This is sufficient proof of value of the rights in action converted.

5. The two counts of the information involved the same facts, and called for the same evidence to support them. The court therefore did not err in refusing to require the state to elect upon which count it would proceed.

6. In the sixth instruction given by the court to the jury some of the elements of the crime of embezzlement are stated, and it is contended that the instruction is defective in that it omits other essential elements of the crime. To this contention, it is replied by the state that these elements are defined in other instructions, and that

the instructions, taken as a whole, are for that reason not objectionable. This would appear to be a sufficient answer to the objection that is made to this instruction, but the same objection is made to the thirteenth instruction given by the court, and this objection is not so satisfactorily answered. The thirteenth instruction is as follows: "You are instructed that if you find from the evidence, beyond a reasonable doubt, that the defendant, within three years prior to the filing of the information in this case, and within the time charged in the information, was the agent of the Farmers Co-operative Shipping Association, an incorporated company, and that while such agent he disposed of, or caused to be disposed of, any money or right in action of the said Farmers Co-operative Shipping Association, or secured credit for the same in his individual capacity and for his own use, or for the use of any other person except the said Farmers Co-operative Shipping Association, without the assent of the said Farmers Co-operative Shipping Association, that would constitute embezzlement of such money or right in action, as the case may be; and it would make no difference whether the amount embezzled, if any, was disposed of in the manner above indicated in one transaction, at one particular time, or consisted of a continuous series of acts." The jury were told by this instruction that, if they found from the evidence, beyond a reasonable doubt, certain facts, "that would constitute embezzlement." Did it omit essential elements of the crime charged? To constitute embezzlement there must be a fraudulent intent on the part of the accused to convert the property to his own use. The defendant must have made an intentionally wrong disposal of the property, indicating a design to cheat and defraud the owner. The instruction omits an essential element of the crime of embezzlement—the felonious intent. Not even the word "wrongful" was used in characterizing the defendant's acts. If the defendant did everything stated in the instruction, he would not be guilty of embezzlement. The attorney general does not defend this instruction, but

contends that, when it is read in connection with other portions of the charge, the error, if any, is cured. It is. true that instructions will be construed together, and the charge considered as a whole; but it is firmly established that "an instruction whereby the whole case is attempted to be covered, but which omits an essential element, is erroneous and is not cured by another instruction which covers the point." *Dobson v. State*, 61 Neb. 585; *Bergeron v. State*, 53 Neb. 752; *McAleer v. State*, 46 Neb. 116; *Barnes v. State*, 40 Neb. 545. The instruction condemned in *Dobson v. State, supra*, is similar to the one in the case at bar. It purported to define larceny, but omitted the felonious intent. NORVAL, C. J., speaking for the court, said: "By this instruction the court attempted to cover the whole case. If it omitted an essential element of larceny, the giving it was error. * * * This is. true, even though another instruction may include the element omitted in the one by which the court attempts to state to the jury the essential ingredients of the crime."

The instruction also tells the jury that, if the defendant "secured credit in his individual capacity and for his own use" for any right in action of his employer, he would be guilty of embezzlement. It is clear that, unless by securing this credit for himself he deprived his employer of the right in action, by destroying or alienating his title to the subject of that right, and unless he did this with the felonious intention of so depriving his employer, he could not be guilty of embezzlement. For these reasons, this instruction was erroneous, and the verdict cannot be supported.

The judgment of the district court is reversed and the cause remanded.

REVERSED.