WALTER R. COLLEY, APPELLEE, V. CHICAGO & NORTH-
WESTERN RAILWAY COMPANY, APPELLANT.

FILED MARCH 1, 1922. No. 21978.

1. **Carriers:** CONVERSION. Conversion is an unauthorized act of
   dominion or ownership, exercised by one person over the per-
   sonal property of another. Negligence of a railway company,
   however extreme, and the consequent loss of goods, in its hands
   for transportation, is not alone sufficient to constitute conversion.
   The act alleged to be a conversion must be positive and tortious.

2. ———: ———. Where a railway company makes a positive
   refusal to deliver goods to a consignee, entitled to their
   possession, except upon a condition which has no legal foundation
   and which does not rest upon reasonable grounds or contentions,
   its declared refusal to deliver would obviate the necessity of the
   consignee making any express and formal demand for the goods,
   and such wrongful detention of and dominion over the goods by
   the railway company would constitute conversion.

3. ———: ———: DAMAGES. Where, after such conversion, the
   consignee accepts a return of the goods, but they are returned
   to him in a damaged condition, he is entitled to recover damages
   to cover the depreciation in their value.

4. **Railroads:** FEDERAL CONTROL: RIGHT OF ACTION. Where the cause
   of action against the railway company accrued prior to the time
   that the United States government, through its director general,
   took control of the railroads, the fact that the director general
   took control and received possession of the goods which had been
   converted would not affect the plaintiff's right of action in
   conversion against the railway company.

APPEAL from the district court for Lancaster county:
ELLIOTT J. CLEMENTS, JUDGE. *Affirmed on condition.*

*Wymer Dressler, Robert D. Neely* and *Paul S. Topping,*
for appellant.

*Wilmer B. Comstock, contra.*

Heard before LETTON, DEAN and FLANSBURG, JJ., DAY
(L. B.) and GOOD, District Judges.

FLANSBURG, J.

This is an action for damages growing out of the

transportation of household goods and furniture by the Chicago & Northwestern Railway Company. The plaintiff in his original petition claimed that the railway company had converted the property shipped, and sued for the full value. No allegations of fact were set out at the time of the first trial sufficient to sustain the charge of conversion, but the petition only went so far as to show negligence on the part of the railway company and a temporary loss of the goods. Shortly after the suit was commenced, the goods were found. Judgment was rendered for the plaintiff on the first trial for their full value, on the theory that the railway company, in negligently losing track of the goods and being unable to deliver them, had converted them. This court reversed that judgment, upon the unpublished opinion of the supreme court commission (case No. 20791), and held that negligence and loss of goods was not a sufficient affirmative misappropriation of the goods, or exercise of claim or control over them by the railway company as would constitute a conversion, and held that recovery against the railway company on the cause of action alleged in the petition should be limited to the damages actually sustained through the delay and temporary loss in shipment.

At the second trial a supplemental petition was filed, in which it was alleged that, after finding the goods, the railway company refused to deliver them to the plaintiff, and the proof in support of that allegation is that the railway company's agent demanded the payment of storage charges covering the period that the goods had been in storage during the time that the railway company was unable to inform the plaintiff as to their whereabouts. The exaction of this charge was wrongful, and the trial court on the second trial submitted the case to the jury apparently upon the theory that those acts, supported by the allegations of the plaintiff's petition, constituted a conversion of the goods.

It is argued by the defendant that our holding in the

former opinion, being the law of the case, has determined the matter of the conversion adversely to the plaintiff, and that the trial court was in error in allowing the plaintiff to pursue that theory further, and in submitting the case to the jury as one for conversion. We believe the defendant's position is untenable. In the former opinion it will be noted that the matter as to a conversion by the railway company's refusal to deliver the goods, except upon payment of the wrongful charges, was eliminated from the case, for the reason that the acts constituting such conversion were not set up in the plaintiff's petition, the circumstances having transpired since its filing, and no amended or supplemental petition had been filed covering those facts. There was at the first trial an attempt to supplement the cause of action, which had been set out in the petition, by allegations of new matter in the reply, but this was done over the objection of the defendant, and it was held in the former opinion that the plaintiff could not, over objection, avail himself of a cause of action thus pleaded, and that the evidence upon those issues was properly objected to during the trial.

The defendant introduced, without objection, the bill of exceptions of the evidence presented at the former trial. The record, however, shows that only a portion of this evidence was read to the jury, and that was done by the plaintiff. The testimony read was that of the station agent of the defendant railway company, where he testified that, after the shipment of the goods to Lincoln, he had offered them to the plaintiff, but had refused to deliver them unless the plaintiff should pay the storage charges to cover the period that the goods were lost and in the warehouse at Detroit. The plaintiff also testified that he could not procure delivery of the goods from the defendant's agent, except upon the payment of those unlawful charges.

Where a railway company refuses to deliver goods except upon a condition which has no legal foundation and does

not rest upon reasonable grounds or contentions, its declared refusal to deliver the goods would obviate the necessity of any express or formal demand for the goods by the owner, and such wrongful detention of and dominion over the goods by the railway company would constitute a conversion. *Shields Co. v. Chicago & N. W. R. Co., ante* p. 472; *Sutton v. Great N. R. Co.*, 99 **Minn.** 376; *Loeffler v. Keokuk Northern Line Packet Co.*, 7 Mo. App. 185.

As appears from the facts fully set forth in the former opinion, the plaintiff's goods were shipped to Detroit in February, 1917. Plaintiff followed them to Detroit, but, through the negligence of the railway company's agents, was informed that the goods had not arrived and that the company had no trace of them. He then went to Kansas City and while there was also unable to get any information as to the whereabouts of his goods. He returned to Lincoln and requested of the defendant railway company's agent that the goods be reshipped to Lincoln. In pursuance of that order, the goods were shipped from Detroit and arrived in Lincoln in July, 1917, after which time, it is alleged, defendant company wrongfully refused to deliver the goods to the plaintiff except upon payment of the unlawful storage charges. The goods were from that time retained in possession of the defendant until, on December 28, 1917, the United States government, through its director general, took charge of the defendant's entire transportation system. The goods from then on remained in possession of the director general, and he, after the decision of the case on the former appeal, delivered to the plaintiff the goods in controversy, some time in February, 1920. The goods at that time were in a considerably damaged condition.

Objection was made at the trial that the suit should have been brought against the director general, since the damage to the goods would be presumed to have taken place during the possession by the last holder.

Treating the action, however, as one for conversion, the cause of action accrued at the time the company made its wrongful exaction of charges in 1917 and refused to make delivery except upon the condition that these charges be paid. Since the cause of action accrued prior to the time the director general took possession, it would not be affected by the fact of the federal control. The action for conversion could proceed against the railway company the same as if the director general had never taken possession. *Bolton v. Hines,* 143 Ark. 607; *Mc-Gregor v. Great N. R. Co.,* 42 N. Dak. 269; *El Paso & S. W. R. Co. v. Havens,* 216 S. W. (Tex. Civ. App.) 444.

The defendant railway company, having converted the goods of the plaintiff, became liable to the plaintiff for their value. Plaintiff, having accepted a return of the goods in their damaged condition, would be entitled to the difference between the value of the goods in their original condition and the value of them in their damaged condition. 38 Cyc. 2090. Acceptance of a return of the goods would mitigate the damages. Plaintiff's testimony shows that the value of the goods, when they were delivered to the defendant railway company in 1917, was $788, and when they were returned to him, except for certain items, mention of which is made later, they were considerably damaged. The top of the piano was off; the piano wires were rusted; the household goods were mildewed and appeared to have been water-soaked; the sewing machine and iron beds had become rusted; and other damage was shown. The testimony in behalf of plaintiff was that the reasonable value of the goods, except for the particular articles above mentioned, was only $65. As to the items mentioned, of the value of $90, there is no competent proof as to the amount of damage done to them. The jury in reaching its verdict evidently did not take into consideration the value of these goods. The verdict, in the amount

Colley v. Chicago & N. W. R. Co.

of $724, is, according to the plaintiff's testimony, excessive to the extent of $90.

Defendant makes further contention that the verdict is excessive for the reason that in amount it exceeded the declared value of the goods, as set forth in the bill of lading, and that the limitation of recovery, based thereon, in the bill of lading is valid and binding. However, that matter was not pleaded by the defendant, nor is it in any way raised by the pleadings. It is therefore not a defense of which the defendant company can now avail itself.

It is therefore ordered that, if the plaintiff file a remittitur in this court in the amount of $90 within 20 days after the entry hereof, the judgment of the lower court will be affirmed; otherwise, the judgment will be reversed and the cause remanded for another trial.

AFFIRMED ON CONDITION.