FARMERS STATE BANK OF OVERTON, APPELLEE, V. ERNEST DOWLER ET AL., APPELLANTS.

FILED JUNE 24, 1924. No. 22849.

1. **Contracts: Duress.** The general rule of law that a person who signs a contract for the benefit of another is not ordinarily un-

der duress is subject to exceptions growing out of intimate ties of blood or marriage, and the exceptions may include a son-in-law.

2.  ———: ———. Threats of imprisonment designedly made by an interested party for an unlawful purpose may be sufficient to prove duress, where it is also shown that the effect is to prevent the other party, upon whom the threats operate, from exercising his free will while signing contractual obligations.

3.  ———: ———: ADMISSIBILITY OF EVIDENCE. Proof of threats wrongfully made to intimate relatives of a person upon whom duress is intended to operate, if communicated to him pursuant to the design of the wrongdoer, may be admitted in evidence on the issue of duress..

4.  ———: ———. Any wrongful influence designedly exerted by an interested party and producing a condition of mind that deprives the other party of the exercise of his free will may amount to duress and invalidate a contract signed while the influence prevails.

5.  Bills and Notes: DIRECTION OF VERDICT. In an action on a promissory note signed by defendant, it is error to direct a verdict against him where he pleads duress and adduces sufficient evidence on that issue to support a judgment in his favor.

APPEAL from the district court for Dawson county: J. LEONARD TEWELL, JUDGE. *Reversed.*

*Hainer, Craft, Edgerton & Fraizer* and *T. M. Hewitt,* for appellants.

*Cook & Cook, contra.*

Heard before MORRISSEY, C. J., LETTON, ROSE and DEAN, JJ., and REDICK, District Judge.

ROSE, J.

This is an action on two promissory notes payable on demand, each for $2,000, bearing interest at the rate of 10 per cent. per annum. The Farmers State Bank of Overton, payee, is plaintiff. Ernest Dowler and Swan Johnson, makers, are defendants. They signed the notes, but duress was pleaded as one of the defenses. Upon a trial of the issues the district court directed a verdict in favor of plaintiff, and from a judgment thereon defendants have appealed.

One of the assignments of error is that the district court erred in directing a verdict in favor of plaintiff. Should the issue of duress have been submitted to the jury? A verdict against both defendants was directed, and this ruling was of course erroneous, if the evidence was sufficient to sustain a judgment in favor of either. When defendant Johnson was not indebted to plaintiff, he signed the notes as surety for defendant Dowler, his son-in-law. Was the suretyship the result of duress? Johnson himself was not subjected to threats and was not seized by fear for his own safety or liberty. The general rule is that a person who signs a contract for the benefit of another is not ordinarily under duress, but there are exceptions growing out of intimate relationships. Threats which affect the mind of a person accused of crime may exert an influence on others with whom he is intimately connected by ties of blood or marriage. An exception to the general rule mentioned may include a son-in-law. Threats of imprisonment designedly made by an interested party for an unlawful purpose may be sufficient to prove duress, where it is also shown that the effect is to prevent the other party, upon whom the threats operate, from exercising his free will while signing contractual obligations. *Nebraska Mutual Bond Ass'n v. Klee,* 70 Neb. 383; 9 R. C. L. 726, sec. 16; *Fountain v. Bigham,* 235 Pa. St. 35. Threats may have a similar effect, if designedly communicated through intimate relatives to the person upon whom they are intended to operate. Evidence of that nature is admissible, and its probative effect, if any, as proof of duress is a question for the jury. *Fountain v. Bigham,* 235 Pa. St. 35, citing *Nebraska Mutual Bond Ass'n v. Klee,* 70 Neb. 383. Did defendants make a *prima facie* defense for the consideration of the jury? The notes in suit were the last of three renewals, the respective dates being December 7, 1920, February 5, 1921, and August 1, 1921. The original notes were dated July 10, 1920. From the testimony adduced by defendants, if believed, the following inferences might properly have been drawn by the jury: In the first instance Johnson did not owe the debts evidenced by the notes which he signed. He lived on a

farm and was there accosted by the president of plaintiff's bank, who threatened to send Dowler, Johnson's son-in-law, to the penitentiary for moving mortgaged chattels from Dawson county to Buffalo county, if Johnson did not sign the notes, intimating there would be no prosecution, if he did so.  He was not thus coerced, but yielded later after his wife and daughter, the mother-in-law and the wife of Dowler, went, weeping, to him and pleaded with him to sign the notes.  This conduct on the part of the wife and daughter had been prompted by similar threats made by the same person with the intention of having them communicated to Johnson.  This is not a statement of facts, but a mere outline of inferences from the testimony on duress as a defense.  The credibility of the witnesses and the inferences from their testimony were questions for the jury.  The evidence was clearly sufficient to sustain a finding by them that Johnson was under duress when he signed the notes in the first instance.

It is argued, however, that the peremptory instruction was proper because the renewal notes were voluntarily given.  It is insisted that the acts of Johnson in signing them amounted to a ratification of the. original transaction.  This view cannot be adopted without disregarding evidence of a different import.  There is testimony to the effect that the renewals did not amount to a payment or a discharge of the original indebtedness, but were new evidence thereof.  From the testimony of Johnson, if believed, the jury might have inferred that the duress which controlled him when he first surrendered his own will to that of plaintiff extended to all the renewals; that in each instance he still thought his son-in-law would be prosecuted criminally if he failed to sign the renewals; that except for the fear inspired by the threats of plaintiff, and the pleading of his wife and daughter, he would not have signed any of the notes; that these influences were wrongfully exerted by plaintiff.  It was not for the court to say as a matter of law that the testimony. was untrue or that no such inferences could be drawn.  The questions should have been submitted to the jury.  Any wrongful influence de-

signedly exerted by an interested party and producing a condition of mind that deprives the other party of the exercise of his free will may amount to duress and invalidate a contract signed while the influence prevails. *Fountain v. Bigham,* 235 Pa. St. 35, citing *Nebraska Mutual Bond Ass'n v. Klee,* 70 Neb. 383. It follows that the district court erred in directing a verdict against defendant Johnson. For this error, the judgment is reversed and the cause remanded for further proceedings.

REVERSED.

Note—See Contracts, 13 C. J. p. 404, sec. 325; p. 400, sec. 315; p. 769, sec. 964, p. 402, sec. 319; p. 783, sec. 993; Bills and Notes, 8 C. J. p. 1060, sec. 1371.