CHRISTINA TALICH, APPELLEE, V. ARCHIE D. MARVEL ET AL., APPELLANTS.

FILED FEBRUARY 14, 1927.   No. 24639.

1. **Conspiracy:** PROOF. A charge of conspiracy, as in this case, may be sustained by proof of surrounding facts and circumstances.

2. **Conversion.** "Any distinct act of dominion wrongfully exerted over one's property in denial of his right is a conversion." *Starr v. Bankers Union of the World*, 81 Neb. 377.

3. ———: PRINCIPALS. In wrongful conversion, each and all knowingly participating therein, or who, with knowledge, benefit by its proceeds in whole or in part, are principals.

4. **Principal and Agent:** DUTY OF AGENT: PRESUMPTION. It is the duty of an agent to disclose to his principal each material fact gained by him pertaining to the subject of his agency, and, unless the contrary is shown, he will be presumed to have complied with such duty.

5. **Notice.** "Where one is put upon inquiry, he is to be charged with notice of all such facts as he would have learned by reasonable inquiry." *Cooper v. Newman*, 45 N. H. 339.

6. **Evidence:** FAILURE TO TESTIFY: PRESUMPTION. In the trial

of a civil action, after the plaintiff has introduced evidence tending to prove his case, if the defendant fails to testify to matters peculiarly within his knowledge necessary to his defense, a presumption exists that his testimony, if produced, would militate against his interest, which presumption may be considered by the court or jury trying the case in determining the facts proved.

APPEAL from the district court for Hamilton county: LOVEL S. HASTINGS, JUDGE. *Affirmed.*

*Hainer, Craft, Edgerton & Fraizer* and *C. M. Skiles,* for appellants.

*Fred C. Foster* and *Thomas, Vail & Stoner, contra.*

Heard before ROSE, DEAN, DAY, GOOD, THOMPSON and EBERLY, JJ.

THOMPSON, J.

This action was brought in the district court for Hamilton county by appellee, hereinafter called plaintiff, against appellants, hereinafter called defendants (unless for reasons separately named), to recover $10,000 with interest for the wrongful conversion by them of a draft for $10,000 issued by the Omaha Life Insurance Company to plaintiff in payment of a policy written by it on the life of her husband, Joseph Talich, wherein she was named as beneficiary. After the issues were duly joined, the case was tried to a jury, and a verdict returned in favor of the plaintiff for $11,889.92, and against all of the defendants, on which judgment was entered. Seeking reversal thereof, defendants have appealed, John S. Marvel alone superseding the judgment.

As above indicated, the action is one seeking judgment for wrongful conversion. However, the defendants insist that it is one for rescission. Neither the pleadings nor the evidence sustain such a contention.

As to the challenge that the judgment is not sustained by the evidence: The substance of the claim of plaintiff

fairly stated, and so far as is necessary for our considera-
tion, is:   That the defendants wrongfully conspired to and
did, by duress, coercion, and wrongful influences by them
designedly exercised, procure plaintiff to indorse her name
on the back of such draft, and to permit such draft in such
condition to remain in their possession, and that after-
wards, without plaintiff's knowledge or consent, such de-
fendants, in furtherance of such wrongful design and pur-
pose, converted the same to their own use, to her damage
in the sum of $10,000 and interest; and further that, in
pursuance of such design, such defendants procured to be
delivered to plaintiff certain notes, none of which she had
signed, which computed with interest equalled the face of
such draft, which notes were tendered back to defendants
and by them refused, and for the purpose of such tender
plaintiff brings such notes into court.

The substance of the claim of the defendants, save and
except John S. Marvel, is:   That such draft was obtained
by them under and by virtue of an agreement voluntarily
entered into by and between them and the plaintiff, by the
terms of which she was to and did indorse and deliver to
them the draft, and in consideration thereof they delivered
to her the indorsed notes in question; that each defendant
acted for himself without a common design or purpose other
than that each desired to collect the respective debts owing
them; and further that John S. Marvel was not personally
present.

As to the claim of John S. Marvel, he interposes a gen-
eral denial to each and every allegation contained in plain-
tiff's petition.

There is an acute and striking conflict in the evidence as
to just how the indorsement of such draft was procured to
be made, and as to how and for what purpose the draft was
left in the possession of the defendants.   The record is vo-
luminous.   To attempt an analysis thereof, or to fairly quote
therefrom, would be to extend this opinion beyond proper
limits, and would serve no useful purpose.   A careful con-

sideration of such record convinces us that the evidence amply sustains the contentions of the plaintiff and each thereof as hereinbefore stated, and fully supports the findings of the jury as covered by its verdict.

In arriving at this conclusion, we have not been unmindful of the separate challenge urged by John S. Marvel, and neither have we been unmindful of the law applicable to the facts disclosed by the record as to each and all of the defendants; but, we have recognized that, in order for such acts to constitute conversion, they must be positive and must be tortious, as held by us in *Colley v. Chicago & N. W. R. Co.,* 107 Neb. 864. "Any distinct act of dominion wrongfully exerted over one's property in denial of his right is a conversion." *Starr v. Bankers Union of the World,* 81 Neb. 377-380, "All are principals in conversion, and every person who knowingly aids and abets another in the conversion of the property of a third person is liable to such third person for the value of the property so converted." *Osborne Co. v. Piano Mfg. Co.,* 51 Neb. 502. "Any wrongful influence designedly exerted by an interested party and producing a condition of mind that deprives the other party of the exercise of his free will may amount to duress and invalidate a contract signed while the influence prevails." *Farmers State Bank v. Dowler,* 112 Neb. 262.

Also, in our determination, we have considered the defendant John S. Marvel's claim, in substance, that the record is without evidence connecting him with such conspiracy, and that he not being present is not holden for damages. He was the president of the defendant bank, as well as of the Bank of Commerce at Hastings, the cashiers of which banks were the active participants in the carrying out of the plan, and as such as well as individually were personally interested in seeing that the notes were taken up, as was John S. Marvel; that on receipt of the draft John S. Marvel was given full credit on his own individual account in the Giltner bank for the full amount of his note, $834.30, and interest, making a total of $953.30;

Talich v. Marvel.

and defendant Washburn was given credit for the note and interest held by him for the use of himself and one Feagan, amounting to the sum of $618.70; that these and the other notes going to make up the total of those hereinbefore referred to were indorsed without recourse, and, without any authority from the plaintiff, placed in the hands of her son (save and except the note of John S. Marvel which was sent to her by mail from Hastings two days later), and such draft turned over to the Bank of Commerce, without plaintiff's knowledge or consent, as a credit to the bank of Giltner, on account of certain transactions existing between such banks, all of which facts were then spread upon the records of the banks, respectively, as their interests appeared.  As stated, Marvel was the president of each of such banks, and the banks were present and active in the transaction by and through their respective cashiers. These cashiers were also the authorized agents of such Marvel in the collection of his note, if not in the entire transaction.  Hence, by reason thereof and the reflected facts hereinbefore stated, he is chargeable with notice, at least of facts sufficient to put him upon inquiry.  Then, he retains such proceeds and rests his defense solely on a denial of the allegations of plaintiff's petition, he makes no offer to return the money even after the petition had warned him of how and when the money was received, and he does not even testify in support of his own answer, nor does he explain or offer to explain his receipt and retention of the money.  Having knowingly benefited by the proceeds realized from such conversion, he becomes and is a principal.

As to his operating through his agents, and his receipt and retention of the money, we find the following authorities instructive: 38 Cyc. 2054, 2055; *Pearlman v. Snitzer,* 112 Neb. 135; *Cooper v. Newman,* 45 N. H. 339; *Evans v. State Nat. Bank,* 24 Fed. 325; *Jones v. Minnesota & Manitoba R. Co.,* 97 Minn. 232; *Canifax v. Chapman,* 7 Mo. 175; *Banks v. Windham,* 7 Ala. App. 616; *Western Union Telegraph Co. v. Franklin Construction Co.,* 70 N. H. 37.

As to the failure of John S. Marvel to testify: In the trial of a civil action, after the plaintiff has introduced evidence tending to prove his case, if the defendant fails to testify to matters peculiarly within his knowledge necessary to his defense, a presumption exists that his testimony, if produced, would militate against his interest, which presumption may be considered by the court or jury trying the case, in determining the facts proved. *Copperthite v. Loudoun Nat. Bank,* 111 Va. 70; *Bonelli v. Burton,* 61 Or. 429; *Carson v. Mott Iron Works,* 117 Va. 21; *Summers v. Keller,* 152 Mo. App. 626; *Jenner v. Shope,* 205 N. Y. 66; *Meyer v. Minsky,* 112 N. Y. Supp. 860.

The necessity for, as well as the application of, the foregoing rule is apparent when considering a case like this, as the proof of an agreement to enter into a conspiracy rests in the first instance solely in the minds of the would-be conspirators; hence, one not a party thereto must rest his case largely on the proveable surrounding facts and circumstances.

Defendants have called our attention to other assignments of alleged error which we have not discussed herein, but which, upon examination, we conclude are without merit. The defendants have had a fair trial. The judgment of the district court is without reversible error, and is therefore in all things,

AFFIRMED.