## LUTHER COLLEGE, APPELLEE, V. EMIL BENSON ET AL., APPELLANTS.

FILED MARCH 16, 1934.   No. 28741.

*Montgomery, Hall & Young,* for appellants.

*Hendricks & Kokjer, contra.*

Heard before GOSS, C. J., ROSE and PAINE, JJ., and CHASE and ELDRED, District Judges.

ELDRED, District Judge.

Luther College, appellee, is a religious educational corporation. The appellant Emil Benson was its treasurer, and appellant American Surety Company of New York was surety on the bond of Benson, as such treasurer.

Suit was brought by the college to recover from Benson and the surety company on such bond for funds and property of the college alleged to have been embezzled or converted by Benson to his own use. A jury was waived and a trial had to the court, which resulted in a judgment for plaintiff against both defendants for the sum of $10,000, with interest and costs, including $700 taxed as an attorney fee, from which the defendants have appealed.

The bond which is the basis of this suit, so far as material to the first question considered on this appeal, is as follows:

"We, Emil Benson, Wahoo, Nebraska, as principal, hereinafter called the 'employee,' and the American Surety Company of New York, as surety, bind ourselves to pay Luther College, Wahoo, Nebraska, as employer, such pecuniary loss, not exceeding ten thousand dollars, as the latter shall have sustained of money or other personal property, * * * by any act or acts of larceny or embezzlement on the part of the employee, directly or through connivance with others, while in any position or at any location in the employ of the employer."

By the first two assignments of error it is urged that the judgment is not sustained by the evidence and is contrary to law. These assignments are considered together. The question is: Do the acts relied on by the appellee constitute embezzlement by the employee, Benson, directly or through connivance with others? Appellants contend they do not, and that, consequently, no liability under the bond was established. While the bond covers larceny as well as embezzlement, the appellee in its petition does not allege that there was any larceny by Benson, so that term is not involved.

Appellant Benson, in addition to being treasurer of Luther College, was also the vice-president and cashier of the Citizens State Bank of Wahoo, the capital stock of which was $20,000, divided into 200 shares of $100 each, nearly 109 of which were owned by Benson. Funds in

the hands of appellant Benson, as treasurer of Luther College, were deposited in the Citizens State Bank of Wahoo.

During March and April, 1927, Benson loaned $10,000 of the college funds, which he had deposited as treasurer of said college in said bank, to the Central Bridge & Construction Company, and received as evidence therefor two notes of said company for $5,000 each, payable to the Citizens State Bank of Wahoo. Both of the notes, and the interest accrued thereon, were paid December 30, 1927, and the amount received placed in the account of the bank known as the collection account. Under date of January 14, 1928, $7,500 of the sum paid on the notes by the Central Bridge & Construction Company, and credited to the collection account of said bank, was charged out of that account, and $3,400 thereof was credited to the bank's bills receivable account for the John Mashacek note and mortgage, which was carried as bills receivable of the Citizens State Bank. The remaining $4,100 was credited to the account of the City National Bank of Lincoln, which paid a personal note of Emil Benson and one J. M. Oshlund. On February 4, 1928, $2,500 of the amount paid on the notes of the Central Bridge & Construction Company was withdrawn from the collection account of the bank and deposited to the account of Benson as treasurer of Luther College. By the foregoing transaction the appellee contends that there was embezzled and converted by appellant Benson $7,500 of the principal sum originally loaned the Central Bridge & Construction Company, and $564.55 on account of interest.

On February 6, 1928, appellant Benson withdrew from the Citizens State Bank funds of Luther College, theretofore deposited to his credit as treasurer of such college, $5,000 by two checks, one for $2,500 on endowment fund, and one for a like amount on educational fund, both checks made payable to "mortgage and note." Both checks were paid on that date. It appears that $1,000 of the sum thus withdrawn from the account of Luther College was cred-

ited to the account of Joseph Ericson, and $4,000 credited to the bills receivable account of the bank, eliminating two notes and mortgages of Frank E. Johnson which had been paid prior to that time but were still held by the bank. The Ericson note of $1,000 was allowed to Luther College by the court in the bank receivership proceedings; but it has not been paid, and no part of the $5,000 so withdrawn by this last transaction was ever returned to the account of Luther College.

On March 2, 1927, appellant Benson, as treasurer of Luther College, loaned to one Olson, from the college funds held by him, the sum of $6,500, secured by note and mortgage of Olson. The note and mortgage were not taken in the name of Luther College, but were taken in the name of the Citizens State Bank of Wahoo, and by it later sold to Augustana Pension Fund of Des Moines, Iowa, receiving therefor $6,716.65, which money was deposited to the collection account of the Citizens State Bank of Wahoo. Later $6,500 of that amount was withdrawn from said collection account and credited to bills receivable account; and the balance, $216.65, withdrawn from the collection account and deposited to special account in the bank in the name of Central Bridge & Construction Company, but which was not in fact an account of that company. None of the money involved in this transaction, that is, neither the principal sum of $6,500, nor the $216.65 interest, was ever returned to the account of Luther College.

All of the foregoing transactions were handled exclusively by Emil Benson; the original entries on the records of the bank being made by him.

The foregoing summary is necessarily much condensed, but reflects the conclusions fairly drawn from the evidence.

It is contended that the evidence shows that the funds of Luther College were lost through the manipulations of the officers of the Citizens State Bank of Wahoo, and that it fails to show that Emil Benson, as treasurer of Luther

College, was guilty of embezzlement. The funds involved were deposited in the name of Benson as treasurer of the several different funds of Luther College. They were withdrawn by him as such treasurer of the respective funds and the misappropriations made by him in the first instance, though the bank, rather than Benson, individually may have been financially benefited by the transaction. Yet, he being the owner of a majority of the stock in that bank, it cannot be consistently contended that he received no financial advantage. It would be immaterial, under the terms of the bond, whether Benson as treasurer was alone guilty of the acts complained of, or whether they were consummated through connivance with others.

"Embezzle" and "convert to his own use" are synonymous terms. "Conversion to his own use" would be accomplished by any unauthorized act of dominion or ownership exercised by one person over property of another. *Colley v. Chicago & N. W. R. Co.*, 107 Neb. 864; *Nelson v. State,* 86 Neb. 856; *Chaplin v. Lee,* 18 Neb. 440. However, it is not essential to a recovery upon the bond involved that the plaintiff establish facts which would amount to a crime under the statute.

In a suit on a fidelity bond insuring an employer against loss sustained by any act or acts of embezzlement on the part of the employee, directly or through connivance with others, the word "embezzlement" is to be construed broadly in its general and popular sense, rather than in a narrow and technical spirit with reference to the criminal statutes of the state. *Mitchell Grain & Supply Co. v. Maryland Casualty Co.,* 108 Kan. 379, 16 A. L. R. 1488; *Genesee Wesleyan Seminary v. United States Fidelity & Guaranty Co.,* 247 N. Y. 52, 56 A. L. R. 964; *Champion Ice Mfg. & Cold Storage Co. v. American Bonding & Trust Co.,* 115 Ky. 863, 103 Am. St. Rep. 356; *Fidelity & Deposit Co. v. Colorado Ice & Storage Co.,* 45 Colo. 443; *Dexter Horton Nat. Bank v. United States Fidelity & Guaranty Co.,* 149 Wash. 343; *Docking v. National Surety*

Co., 122 Kan. 235; *Fidelity & Deposit Co. v. Central State Bank*, 12 S. W. (2d) (Tex. Civ. App.) 611; *Rankin v. United States Fidelity & Guaranty Co.*, 86 Ohio St. 267.

The bond involved in this suit further provides: "That in the event that the loss exceeds the amount of this suretyship, the employer and the surety shall share with each other *pro rata* in any net recovery * * * in the proportion that the amount of the payment under this suretyship bears to the total shortage." The appellants urge that, even if the surety company is liable on its bond, it should be credited with the $9,508, plus interest, which is alleged to be one-half of the amount collected by Luther College since the failure of the Citizens State Bank.

It seems that in the bank receivership proceedings the court awarded to Luther College certain property, consisting of notes, securities and trust funds, and also that the college was allowed and received dividends on deposits belonging to it in said bank. These were not, however, items collected from appellant Benson, but were items of property in the possession or control of the bank which the court found belonged to the college, and were not part of the funds found to have been embezzled or converted by Emil Benson. The surety company, in any event, under the contract, would only be entitled to share in any net recovery from Benson or his estate. Further, the provision of the bond upon which appellants rely entitles the surety company to share in any net recovery only after it has made payment of the amount for which it is found liable. Until payment has been made, it has not, under the terms of its bond, borne any loss. Having made no payment, it is not entitled to share in any recovery. *Belgium State Bank v. Maryland Casualty Co.*, 177 Wis. 1; *Citizens Bank v. Fidelity & Deposit Co.*, 156 Ga. 581.

Finally, it is urged that the court erred in failing to designate, on rendering judgment, which of the defendants was principal and which surety, as required by the provisions of section 20-1544, Comp. St. 1929. Appellants cite *Blaco v. State*, 58 Neb. 557, a suit upon an official

bond of a public officer, and *Escritt v. Michaelson,* 73 Neb. 634, a suit upon a supersedeas bond. We do not consider that either of these control in this case. The contract involved in this action, while in form is a bond of indemnity, it is well established that the guaranteeing of the fidelity of employees and persons holding positions of trust is a form of insurance, and that such contracts are subject to the rules applicable to insurance contracts generally, and not rules applied to ordinary sureties for accommodation. Comp. St. 1929, sec. 44-401 (4); 25 C. J. 1089; 63 A. L. R. 728 (m); *First Nat. Bank v. United States Fidelity & Guaranty Co.,* 150 Wis. 601; *American Indemnity Co. v. W. C. Munn Co.,* 278 S. W. (Tex. Civ. App.) 956; *Southern Surety Co. v. Austin,* 2 S. W. (2d) (Tex. Civ. App.) 1000; *Employers Liability Assurance Corporation v. Citizens Nat. Bank,* 85 Ind. App. 169.

We conclude that the provisions of section 20-1544, Comp. St. 1929, are not applicable to the contract sued on in this case, and that the court committed no error in failing to follow the provisions of that section on entering the judgment involved herein.

After careful examination of the record, finding and judgment of the trial court found to be sustained by the evidence and affirmed. The appellee is allowed an attorneys' fee for services in this court in the sum of $300.

AFFIRMED.